IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 25, 2006

## STATE OF TENNESSEE v. EMANUEL LAWRENCE HARRIS

**Direct Appeal from the Circuit Court for Dickson County**
**Nos. CR6797, CR6839, CR7347, CR7680 & CR7773     George Sexton, Judge**

_____

**No. M2006-00480-CCA-R3-CD - Filed February 6, 2007**

_____

The defendant, Emanuel Lawrence Harris,[1] pled guilty to nine felony drug offenses and was sentenced to an effective term of twenty-three years in the Department of Correction. On appeal, he argues that the trial court erred in ordering that some of his sentences be served consecutively. Upon our review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Lindsay C. Barrett (on appeal) and Mitchell B. Dugan (at trial), Dickson, Tennessee, for the appellant, Emanuel Lawrence Harris.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Suzanne Lockert, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### BACKGROUND

The defendant was charged by presentment in case number CR6797 with three counts of sale of less than .5 grams of cocaine, Class C felonies; offense dates April 11th, April 16th, and May 15th, 2003. In case number CR6839, also by presentment, the defendant was charged with sale of more than .5 grams of cocaine, a Class B felony, and conspiracy to sale more than .5 grams of cocaine, a Class C felony; offense date April 11th, 2003. By presentment, in case number CR7347, the defendant was charged with two counts of sale of more than .5 grams of cocaine, Class B

---

[1] There are various spellings of the defendant's name in the record. We utilize the spelling contained in the presentments.

felonies, and sale of less than .5 grams of cocaine, a Class C felony; offense dates April 28th, 29th, and 30th, 2004, respectively. Also by presentment, in case number CR7680, the defendant was charged with five counts of sale of more than .5 grams of cocaine, Class B felonies; offense dates January 12th, 13th, 20th, and February 11th and 17th, 2005. By criminal information, in case number CR7773, the defendant was charged with possession of more than .5 grams of cocaine with the intent to sell or deliver, a Class B felony; offense date February 25th, 2005.

The state *nolle prosequied* the following five charges against the defendant: Count 3 of case number CR6797 (the May 15, 2003, Class C felony sale of cocaine); Count 1 of case number CR6839 (the April 11, 2003, Class B felony sale of cocaine); Count 3 of case number CR7347 (the April 30, 2004, Class C felony sale of cocaine); and Counts 4 and 5 of case number CR7680 (the February 11 and 17, 2005, Class B felony sale of cocaine).[2] On March 24, 2005, the defendant pled guilty to the nine remaining drug offenses. The trial court conducted a sentencing hearing on July 27, 2005.

At the hearing, Stewart Goodwin with the 23rd Judicial District Drug Task Force testified that he worked two of the cases against the defendant, CR7773 and CR7680, the 2005 cases. In case number CR7680, the defendant pled guilty to the first three counts which included offense dates of January 12th, 13th, and 20th, 2005. On each occasion, a cooperating individual (CI) purchased approximately one gram of crack cocaine from the defendant. Officer Goodwin stated that case number CR7773 arose out of the execution of a search warrant on the defendant's residence. The officers found cocaine on the kitchen stove, along with baking soda and water. It appeared that the defendant was preparing to "cook up some crack cocaine." The officers also uncovered scales in the defendant's home. Officer Goodwin stated that he talked to the defendant, and the defendant told him that he purchased the personal property in his home and his vehicles with drug money.

Officer Goodwin stated that the defendant's personal property consisted of a computer, a stereo, a large screen television, and approximately twenty pairs of tennis shoes. The defendant also owned two vehicles – a 1995 Ford Mustang and a 1993 Crown Victoria. Based on his education, training, and experience, Officer Goodwin opined that the defendant was probably selling two ounces or more of cocaine a week. Officer Goodwin said that the defendant would be considered a major drug dealer for the area in which he lived. The defendant told Officer Goodwin that he was not employed anywhere.

On cross-examination, Officer Goodwin testified that they found twelve grams of cocaine on the defendant when they executed the search warrant. Officer Goodwin also testified that his estimate of the amount of drugs the defendant sold was based on the fact that the CI made a total of six buys of one gram each and because he had the defendant on video holding approximately one

_____

[2] The record also contains a judgment showing where a Class A misdemeanor charge for unlawful drug paraphernalia use was dismissed. However, the record does not contain a presentment, indictment, or information regarding the charge.

ounce of crack cocaine. Additionally, the defendant bragged to the CI that he was moving a couple of ounces or more of cocaine each week.

Agent Jeff Bledsoe with the Dickson Vice Unit testified that he was involved in the 2003 and 2004 cases against the defendant – CR6797, CR6839, and CR7347. On each occasion, a CI contacted the defendant and arranged to purchase drugs. Agent Bledsoe recalled that they seized a 1990 Lincoln Town Car from the defendant as well as sixty dollars that was used in a drug buy. Based on his knowledge and experience, Agent Bledsoe surmised that the defendant was a large drug dealer for the area. He noted that whenever a connection was made through the informants, the defendant was always able to provide the requested drugs. Agent Bledsoe said that he worked on the defendant's cases for approximately one year.

The defendant offered the testimony of two character witnesses at the sentencing hearing.

Following the hearing, the trial court ruled as follows:

These cases all involve convictions either for conspiracy to sell cocaine or crack cocaine and/or selling crack cocaine.

In determining the appropriate sentence for the offenses, the Court has considered the evidence presented at the trial, sentencing hearing, considers the pre-sentence report, the statement of the Defendant, the sentencing principles embodied in the Tennessee Code Annotated 40-35-103, and any arguments made as to alternative sentence, the nature and the characteristics of the criminal conduct involved, the evidence and information offered on the enhancing and mitigating factors. Again, the statement of the Defendant and the Defendant's potential for rehabilitation.

First of all, the Defendant is a range one, standard offender in all of these cases. The Court finds two enhancing factors; that the Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range.

And that the Defendant – in Docket Nos. 7347, 7773, 7680, in all those cases, enhancement factor that the Defendant was released on bond at the time of the commission of the offense.

Arguably the Defendant's criminal conduct neither caused nor threatened serious bodily injury, as a mitigating factor the Court gives very little weight to that, considers selling crack cocaine potential for causing all kinds of injury to people involved, victims, users of the drugs.

-3-

So for the offenses committed while on bail and because of his previous history of criminal convictions or criminal behavior, in Docket No. 7347, 7773, and 7680, 7647, count one and two, in each count he's sentenced to ten years; 7773 he's sentenced to ten years; 7680, count one, ten years; count two, ten years; and count three, ten years.

In Docket No. 6797, count one, he's sentenced to three years; count two, he's sentenced to three years. In 6839, he's sentenced to three years.

Docket No. 6797, counts one and two, and 6839 all run concurrent with each other.

He was released on bond on those cases on September 11, 2003; therefore, counts one and two of Docket No. 7347 run concurrent with each other, but consecutive to 6797 and 6839.

In Docket No. 7347, he was released on bond on July 12, 2004. So 7773, the ten years, and 7680, counts one, two and three, ten years in each of those are concurrent with each other, but consecutive to 7347.

In each case he will pay a two thousand dollar fine and pay the cost.

## ANALYSIS

On appeal, the defendant argues that the trial court erred in ordering that some of his sentences be served consecutively.[3] When an accused challenges the length and manner of service of a sentence, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

In conducting our de novo review, this court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing; (d) the arguments of counsel as to sentencing alternatives; (e) the nature and characteristics of the offense;

---

[3] The defendant does not challenge the length of the individual sentences imposed.

(f) the enhancement and mitigating factors; and (g) the defendant's potential or lack of potential for rehabilitation or treatment. *Id.* §§ 40-35-103(5), -210(b).

A trial court may impose consecutive sentencing upon a determination by a preponderance of the evidence that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. Because these criteria are stated in the alternative, the trial court need only find one of the criteria present to support a determination of consecutive sentencing. It is within the sound discretion of the trial court whether to impose consecutive or concurrent sentences. *See State v. Adams*, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997). However, Tennessee Code Annotated section 40-20-111(b) mandates consecutive sentencing in the following:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Additionally, Tennessee Rule of Criminal Procedure 32(c)(3)(C) provides:

> When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
> . . . .
>
> (C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses[.]

In this case, the trial court noted that the defendant committed the April 2004 offenses (case number CR7347) while on bond for the April 2003 offenses (case numbers CR6797 and CR6839). Therefore, the trial court ordered that the defendant's sentences in case CR7347 be served consecutively to his sentences in cases CR6797 and CR6839. The defendant does not dispute that consecutive sentencing was appropriate in this case.

The defendant's dispute is with the trial court's ordering that the January and February 2005 sentences (case numbers CR7680 and CR7773) run consecutively with the April 2004 sentences (case number CR7347). However, the trial court noted in its ruling that the defendant was released on bond on July 12, 2004, in case number CR7347. Therefore, the defendant was presumably on bond when he committed the drug offenses in cases numbers CR7680 and CR7773, thus mandating consecutive sentences.

While the trial court did not explicitly refer to Tennessee Code Annotated section 40-20-111(b) or Tennessee Rule of Criminal Procedure 32(c)(3)(C) in ordering consecutive sentences, the language used by the court indicates that these provisions were the basis of its decision. Again, when a defendant commits a felony while on bond and is subsequently convicted of both offenses, consecutive sentencing is mandatory. *See State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999). As noted earlier, the trial court found that the defendant committed the January and February 2005 offenses while on bond for the April 2004 offenses. The defendant has failed to offer any proof to the contrary, and the dates of the offenses are congruent with the trial court's finding. In the context of a sentencing hearing, this court defers to the trial court's findings of fact unless the evidence preponderates otherwise. *See State v. Zeolia*, 928 S.W.2d 457, 462 (Tenn. Crim. App. 1996). The judgments of the trial court are affirmed.

## CONCLUSION

Based on the aforementioned reasoning and authorities, we affirm the judgments of the Dickson County Circuit Court.

_____
J.C. McLIN, JUDGE

-6-