IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 23, 2008

## STATE OF TENNESSEE v. KENNETH PAUL VANDERPOOL

**Direct Appeal from the Circuit Court for Bedford County**
**Nos. 15390, 15399, 15414 & 15415      Lee Russell, Judge**

---

**No. M2007-00726-CCA-R3-CD - Filed December 29, 2008**

---

Defendant pled guilty to three counts of forgery, one count of theft of less than $500, and two counts of failure to appear. Following a sentencing hearing, the trial court sentenced Defendant as a career offender to six years on each count of forgery to be served concurrently with each other and six years on each count of failure to appear to be served concurrently with each other, but consecutively to the sentence for the forgery convictions. Defendant was sentenced to eleven months, twenty-nine days for the theft under $500 to be served concurrently to the other sentences. These sentences were then run consecutively to the nine year sentence Defendant was already serving. On appeal, Defendant argues that the sentence is excessive and contrary to law. After a thorough review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Donna Leigh Hargrove, District Public Defender; and Michael J. Collins, Assistant District Public Defender, for the appellant, Kenneth Paul Vanderpool.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General, William Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

### I. Background

The facts of the case were summarized by the State at the guilty plea hearing as follows:

[O]n April 27, 2003, Mr. Bobby Joe Rudkin, . . . reported that some checks were missing from his checkbook, which he routinely kept sitting on his kitchen

table. And he'd . . . discovered that some . . . had already been passed. Three of them had been passed at various convenience stores in Bedford County.

. . . [At] one of the markets, one of the clerks there who took one of the checks knew the defendant by name and recognized him, so she was able to say that that check she took from the defendant. One of the other markets . . . that clerk picked out the defendant's picture (from a photo line-up). So two of the three checks, which were all passed on April 26, 2003, the clerks were able to positively identify the defendant as the person who passed those checks.

Mr. Rudkin . . . did not give those checks to the defendant, and certainly did not write them out, he did not authorized their passing.

The defendant . . . lived in close proximity to the victim's home. And a day or two preceding this had actually been in the home, and in Mr. Rudkin's mind, been in a position where he would have seen the checkbook sitting on the kitchen table.

. . . the charges of failure to appear. . . .[b]ack in April 2003, the defendant, in a split sentence on nine counts of forgery, I believe it was a six year sentence, all suspended except for a period of six months. He did serve that six months period of time. And then was released on probation.

And been on probation when these events occurred. So they formed a basis to revoke his probation. On November 21, 2003, he appeared before Your Honor and entered a plea of guilty to violating terms and conditions of probation, and was sentenced to serve the balance of his sentence in the Department of Corrections.

. . . the State and defendant and his attorney at the time, entered into an agreement as to what sentence he would receive on the new charges. . . . he would be arraigned, enter his plea of guilty and then report to jail that evening on the sentence he would receive from the probation revocation and the new sentence that he was supposed to receive.

The day came for him to be in court at 9 o'clock that morning, he did not appear at the time. Thus, giving rise to, I believe, Count One failure to appear in court. I believe he was supposed to be here at 7:00 p.m. that night in jail, and, of course, he did not appear for that either.

The trial court then inquired as to whether Defendant committed the forgery and Defendant responded, "No sir, I didn't." Defendant later told the court that he "did it." Defendant did admit to not showing up in court, but could not remember if he showed up to jail.

**II. Analysis**

Defendant's sole argument on appeal is that his total sentence is excessive and contrary to law. He asserts that the trial court erred in ordering him to serve his effective twelve-year sentence consecutive to the effective nine-year sentence he was already serving.

At the sentencing hearing, the pre-sentence report revealed that Defendant had nine prior felony convictions for forgery. On April 3, 2003, Defendant pled guilty to these forgeries which occurred in July and August 2002. Defendant received a sentence of one year on each of the nine counts, with all to be served consecutively to each other. The total effective sentence was suspended after service of six months' incarceration. Defendant was placed on immediate probation and reported to jail and began serving this sentence on April 28, 2003. The crimes at issue in the instant case occurred between April 25-27, 2003, while Defendant was on probation. On August 20, 2003, Defendant was arrested for the forgeries and theft under $500. Defendant was released on bond for theses cases on October 2, 2003. Defendant and the State agreed that on December 8, 2003, Defendant would appear in court to be arraigned on the new charges. It was agreed that he would plead guilty to all forgeries and the theft under $500, and would then report to jail later that day to begin serving his sentence. Defendant did not appear in court or at jail that evening. As a result of his failure to appear in court or at jail, Defendant was indicted by the grand jury on two felony counts of failure to appear.

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. T.C.A. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a de novo review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. T.C.A. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

A. Consecutive Sentencing as to the Old and New Charges

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

> (1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
>
> (2) [t]he defendant is an offender whose record of criminal activity is extensive;

(3) [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) [t]he defendant is sentenced for an offense committed while on probation; or

(7) [t]he defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b); see also State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002). The trial court has the discretion to order consecutive sentencing if it finds one or more of the criteria set forth in section 40-35-115(b).

In the instant case, Defendant does have an extensive criminal history including the nine previous convictions for forgery. He also committed the new three counts of forgery and theft of under $500 while on probation for his April 3, 2003 convictions for nine counts of forgery. The trial court commented that the presumption against consecutive sentencing was overcome because of his criminal history and the fact that he committed the new crimes while on probation. As a result, the trial court determined that running the new twelve-year sentence consecutive to the original nine-year sentence was appropriate. We agree with the trial court's determination.

B. Consecutive Sentencing as to the New Charges

Defendant also argues that his sentences for the three forgeries should not have been run consecutive to the sentences for the two failure to appear convictions. Defendant acknowledged at the sentencing hearing that Rule 32 of the Tennessee Rules of Criminal Procedure mandates that a sentence for a felony committed while on bond for another felony must be served consecutively to the sentence to the felony for which the defendant was on bond, if there are convictions for both felonies. See State v. Hastings, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999). Therefore, in the

instant case, the trial court did not have the discretion to order concurrent sentencing of the sentence for forgery and the sentences for failure to appear.  Because we conclude that the trial court correctly followed Rule 32 of the Tennessee Rules of Criminal Procedure, Defendant is not entitled to relief as to this issue.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE