# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 13, 2013

## STATE OF TENNESSEE v. MARIO JOHNSON

**Appeal from the Criminal Court for Shelby County**
**No. 11-00492    James C. Beasley, Jr., Judge**

---

**No. W2012-02566-CCA-R3-CD  - Filed November 15, 2013**

---

Appellant, Mario Johnson, entered guilty pleas without recommended sentences to five counts of aggravated assault. The trial court sentenced him as a Range III persistent offender to fifteen years for each count and ordered two of the five sentences to be served consecutively to each other, for an effective sentence of thirty years at forty-five percent release eligibility. Appellant now challenges the trial court's determination with regard to sentence alignment. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Stephen C. Bush, District Public Defender; Harry E. Sayle, III (on appeal), and Jim Hale (at trial), Assistant District Public Defenders, Memphis, Tennessee, for appellant, Mario Johnson.

Robert E. Cooper, Attorney General and Reporter; Meredith DeVault, Senior Counsel, Criminal Justice Division; Amy P. Weirich, District Attorney General; and Stacy McEndree, Assistant District Attorney General, for appellee, State of Tennessee.

## OPINION

### I. Facts

#### A. Facts from Guilty Plea Submission Hearing

The State set forth the facts underlying the five counts of aggravated assault as follows:

Had the matter gone to trial, the State submits that the proof would have shown that on or about June 23rd of 2010[,] the defendant . . . confronted a Mr. Terry Ward about a debt for some marijuana that had not been paid.

At that point, the two of them had verbally argued and exchanged blows physically. [The defendant] left, came back about a half hour later[,] . . . and fired shots at that residence. There were multiple shots fired.

At that point, there were five people on the porch outside of that house[:] an Odarian Danish[;] Christopher Danish[;] Raphael Danish[;] Terry Ward[;] and a Darren Anderson. They were all standing under the carport. They all ducked for cover and tried to get out of the way.

Odarian Danish, who had just gotten back from the Navy, was hit more than once and was hit in the neck[--][a] through[-]and[-]through shot. He was hit in the chest[,] and he remained in critical condition in the hospital for a period of about two weeks prior to being released.

Odarian Danish did not know the defendant, but defendant was identified by Terry Ward, Odarian Danish, [and] Christopher Danish.

Based upon his stipulation of the facts, appellant entered guilty pleas without recommended sentences to all five counts of aggravated assault.

## B. Facts from Sentencing Hearing

At the sentencing hearing, the State introduced into evidence a presentence report and judgment forms supporting appellant's classification as a Range III offender.

Appellant testified on his own behalf. The first question his attorney asked was, "You've had an extensive record, would you agree?" Appellant responded, "Yeah." After acknowledging his multiple felony convictions, appellant stated that during the first altercation with Mr. Ward, Raphael Danish brandished a knife, so he left the location. He stated that subsequently, he returned to the residence, and as he drove past, he "just closed [his] eyes and . . . shot the gun." Appellant maintained that he returned because the victims had "beat [sic] him up" and he "just felt real [sic] bad." He admitted that there was "just really no explanation" for his actions. He claimed that he lost his temper and that he was just trying to scare the men.

Appellant acknowledged that when he was incarcerated, he attempted to convince the victims not to appear in court. He expressed remorse for this "tragic accident" and asked the court to have mercy on him in passing sentence.

On cross-examination, the State established that appellant had never held a job. It also questioned appellant about the facts of the offense, inquiring whether appellant knew that one of the bullets he fired passed through a wall and barely missed a person who was in the kitchen. The State then confronted appellant with the content of telephone calls he had placed wherein he told the other party that the person at whom he was shooting was not the person he shot, contradicting his testimony on direct examination that he did not intend to shoot anyone. Appellant's response was, "I don't recall that."

At the close of the evidence, the State urged the trial court to apply enhancement factor (1), based on appellant's eleven felony convictions, which exceeded those necessary to establish appellant's Range III status. *See* Tenn. Code Ann. §§ 40-35-107, -114(1). The State asked that appellant be sentenced at the maximum of the range, which was fifteen years. It also requested consecutive sentences based on appellant's status as a professional criminal who had devoted himself to criminal acts as his main source of livelihood and his extensive record of criminal activity. *See id.* § 40-35-115(b)(1), (2). Appellant did not offer any mitigating factors for consideration.

The trial court stated on the record that it considered the purposes of sentencing and the sentencing considerations contained in the Sentencing Act. *See id.* §§ 40-35-103, -113, -114, -210(b). The court found that appellant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. *Id.* § 40-35-114(1). The trial court also found that appellant's actions in randomly shooting into a group of people gathered outside of a residence qualified as an offense that involves more than one victim. *Id.* § 40-35-114(3). However, the court placed greater weight on appellant's criminal history. The trial court placed a "great deal" of emphasis on appellant's employing a firearm during the commission of the offenses. *Id.* § 40-35-114(9). It found no mitigating factors. After weighing the factors, the trial court imposed sentences of fifteen years for each of the five counts of aggravated assault.

Considering the State's request for consecutive sentencing, the trial court found that appellant was an offender whose record of criminal activity was extensive and that he was a dangerous offender whose behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high. *Id.* § 40-35-115(b)(2), (4). In support thereof, the court noted that the offenses involved a drive-by shooting involving multiple victims and that appellant fired randomly toward a group of people and into a residence. The court further found that confinement for an extended period

-3-

of time was necessary to protect society from appellant and that the aggregate length of the sentence reasonably related to the offenses for which appellant was convicted. The trial court opined that anything less than consecutive sentencing would not be a deterrent to others in the community who would choose to commit drive-by shootings and would "very much" depreciate the seriousness of the offenses. Accordingly, the trial court ordered the sentences for count one (victim Terry Ward) and count five (victim Odarian Danish) to be served consecutively to each other and the sentences for the remaining counts to be served concurrently with each other and with the sentences for counts one and five, for an effective sentence of thirty years.

## II. Analysis

Appellant does not challenge the length of his sentences. He contests consecutive alignment of the sentences for counts one and five based solely on the trial court's finding that he was a dangerous offender. *See* Tenn. Code Ann. § 40-35-115(b).

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). If a trial court misapplies an enhancing or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Id.* at 709.[1] This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing

---

[1] With regard to the application of the enhancement factors in this case, we note that the trial court erroneously applied factor (3), that the offenses involved more than one victim. *See* Tenn. Code Ann. § 40-35-114(3); *State v. Timothy Washington Lyons and Antonio Lamont Scales,* No. M2009-02524-CCA-R3-CD, 2011 WL 300141, at *6 (Tenn. Crim. App. Jan. 18, 2011)*, perm. app. denied* (Tenn. May 25, 2011); *see also State v. Imfeld*, 70 S.W.3d 698, 706 (Tenn. 2002) (holding that factor (3) may not be applied where a defendant is convicted of separate offenses committed against each specifically named victim); *State v. Williamson*, 919 S.W.2d 69, 82 (Tenn. Crim. App. 1995) (noting that factor (3) may not be applied to enhance a sentence when appellant is convicted of separate offenses committed against each victim). Furthermore, the trial court improperly applied enhancement factor (9), that appellant used or displayed a firearm, because the use of a firearm was an element of aggravated assault as charged in this case. *See* Tenn. Code Ann. § 40-35-114(3). However, under *Bise*, misapplication of an enhancing factor does not remove the presumption of reasonableness from the sentencing decision, *Bise*, 380 S.W.3d at 707, and appellant does not challenge the length of his sentence, only the sentence alignment.

that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

The determination of whether to order consecutive rather than concurrent sentences is a matter primarily within the discretion of the trial court.[2] *See State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999). The procedure is governed by Tennessee Code Annotated section 40-35-115, which lists the factors that are relevant to a trial court's sentencing decision. Imposition of consecutive sentences must be "justly deserved in relation to the seriousness of the offense." Tenn. Code Ann. § 40-35-102(1). The length of the resulting consecutive sentence must be "no greater than that deserved for the offense committed." *Id.* § 40-35-103(2). The court may order consecutive sentences if it finds by a preponderance of the evidence that one or more of the seven statutory criteria exists. *Id.* § 40-35-115(b). Of the seven factors, the trial court found the following applicable to appellant's case: (2) appellant was an offender whose record of criminal activity was extensive; and (4) appellant was a dangerous offender whose behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high. *Id.* § 40-35-115(2), (4).

Appellant's sole contention is that the trial court failed to comport with the mandate of *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995), in applying factor (4). Since the supreme court issued the *Bise* and *Caudle* opinions changing the standard of review of sentencing determinations by the trial court to abuse of discretion attributed with a presumption of reasonableness, we question the continued viability of *Wilkerson*. *See Bise*, 380 S.W.3d at 707; *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *see also State v. Jereco Tynes*, No. W2010-02511-CCA-R3-CD, 2013 WL 1043202, at *24 n.7 (Tenn. Crim. App. Mar. 13, 2013), *perm. app. denied* (Tenn. June 11, 2013). However, absent clear direction from our supreme court, the current state of the law requires that before a trial court may impose consecutive sentences on the basis of being a "dangerous offender," it must make additional findings that "'an extended sentence is necessary to protect the public' and is 'reasonably related to the severity of the offenses committed.'" *State v. Lane*, 3 S.W.3d 456, 460 (Tenn. 1999) (quoting *Wilkerson*, 905 S.W.2d at 939). The *Wilkerson* considerations only apply to the trial court's finding of factor (4) because "of all of the

---

[2] It is unclear whether the more deferential standard of review of "abuse of discretion with a presumption of reasonableness" announced in *Bise* is applicable to the trial court's determination of sentence alignment. However, our supreme court has granted discretionary review of a case that presents the issue of whether *Bise* governs consecutive sentencing decisions. *See State v. James Allen Pollard*, No. M2011-00332-CCA-R3-CD, 2012 WL 4142253 (Tenn. Crim. App. Sept. 17, 2012)*, perm. app. granted* (Tenn. Feb. 13, 2013).

categories for consecutive sentencing, the dangerous offender category is the most subjective and hardest to apply." *Id.*

In support of this factor, the trial court noted appellant's dangerous behavior in executing a drive-by shooting, injuring multiple victims, and randomly firing a weapon toward a group of people and into a residence. The court further found, pursuant to *Wilkerson*, that confinement for an extended period of time was necessary to protect society from appellant and that the aggregate length of the sentence reasonably related to the offenses for which appellant was convicted. *Id.* The trial court did not err in applying this factor.

Moreover, even if the trial court misapplied factor (4), the trial court's reliance on the other factor in support of imposition of consecutive sentences was proper. Based on the presentence report and the copies of judgments entered as evidence, the trial court properly found that appellant was an offender whose record of criminal activity was extensive. *See* Tenn. Code Ann. § 40-35-115(2). The presentence report indicated that appellant had been convicted of felony theft of property; patronizing prostitution; two counts of possession of a Schedule II narcotic (cocaine); possession of a weapon by a convicted felon; seven counts of driving on a suspended, cancelled, or revoked license; felony failure to appear; misdemeanor possession of cocaine; aggravated burglary; two counts of misdemeanor driving under the influence of an intoxicant; aggravated assault; felony possession of marijuana; identity theft; forgery; misdemeanor drug possession (unspecified); violation of the uniform controlled substance act (unspecified); two counts of indecent exposure to a victim thirteen years of age or older; misdemeanor failure to appear; felony driving under the influence of an intoxicant; and misdemeanor possession of marijuana. The record amply supports the trial court's application of this factor supporting imposition of consecutive sentencing. Accordingly, we uphold the trial court's determination in this regard.

## CONCLUSION

Following our review of the record, the briefs of the parties, and applicable legal authorities, we discern no reversible error and affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE