STATE of Tennessee, Appellant,

v.

Shirley R. HASTINGS, Appellee.

Court of Criminal Appeals of Tennessee,
at Nashville.

Dec. 29, 1999.

Permission to Appeal Denied by
Supreme Court July 17, 2000.

W.H. Stephenson, II, Nashville, TN, for
the appellee.

Paul G. Summers, Attorney General & Reporter, Lucian D. Geise, Assistant Attorney General, Victor S. Johnson, III, District Attorney General, Colin J. Carnahan, Assistant District Attorney General, Nashville, TN, for the appellant.

## OPINION

THOMAS T. WOODALL, Judge.

On May 20, 1998, the Davidson County Grand Jury indicted Defendant Shirley R. Hastings in case 98–T–502 for seventh offense driving under the influence ("DUI") and for violating the habitual motor vehicle offender ("HMVO") law. On September 16, 1998, the Davidson County Grand Jury indicted Defendant in case 98–T–915 for seventh offense DUI and for violating the HMVO law. On October 19, 1998, Defendant pled guilty in case 98 T 915 to seventh offense DUI and violating the HMVO law. On November 23, 1998, Defendant pled guilty in case 98–T–502 to seventh offense DUI and violating the HMVO law. Following a consolidated sentencing hearing on November 23, 1998, the trial court sentenced Defendant as a Range I standard offender to concurrent sentences of one year for each of the HMVO convictions. In addition, the trial court imposed concurrent sentences of eleven months and twenty nine days for each of the DUI convictions, suspended after 180 days in jail. The State challenges the trial court's imposition of sentence, raising the following issue: whether the trial court erred when it failed to impose consecutive sentencing. After a review of the record, we affirm the judgment of the trial court in part, reverse the judgment in part, and remand this case for resentencing.

## I. BACKGROUND

On November 27, 1996, Defendant's car caught fire while she was driving on Interstate 65 in Davidson County. When law enforcement officers arrived, they observed that Defendant had an extreme odor of alcohol on her person, had bloodshot eyes, and had slurred speech. Defendant subsequently failed at least one field sobriety test and a breath test indicated that she had a blood alcohol content of .148%. In addition, Defendant's driver's license had previously been revoked and she had been declared a HMVO.

On February 12, 1997, while Defendant was on bond for the November 1996 offenses, she was involved in a two-car accident in Davidson County. When law enforcement officers arrived they observed that Defendant had a strong odor of alcohol on her person and had extremely slurred speech. The officers also observed that there were several empty whisky bottles in Defendant's vehicle. A subsequent breath test indicated that Defendant had a blood alcohol content of .16%.

During the sentencing hearing, Defendant admitted that she was on bond for the November 1996 offenses when she committed the February 1997 offenses. Defendant also admitted that she had six prior DUI convictions and she admitted that she had continued to drive on numerous occasions even though she had previously been declared a HMVO. However, Defendant testified that she had turned her life around and she was receiving treatment for her substance abuse problems. Defendant also testified that she had been making an effort to improve her life by obtaining additional education and career training.

Debbie Sue Lentz and Theresa Diane Malone verified Defendant's testimony that she was receiving extensive treatment for her substance abuse problems. Both Lentz and Malone testified that they had seen dramatic improvement in Defendant's ability to stay clean and sober.

At the close of the sentencing hearing, the trial court stated that it found the testimony from Lentz and Malone about Defendant's improvement in dealing with her problems to be "powerful and compelling." The trial court then addressed various enhancement and mitigating factors and stated that it had determined that

based upon all of the relevant circumstances, consecutive sentencing was not appropriate.

## II. PROCEDURAL CONSIDERATIONS

■ Initially, Defendant contends that this appeal should be summarily dismissed because the State has failed to comply with Rules 5(b) and 24(b) of the Tennessee Rules of Appellate Procedure. Rule 5(b) provides that "[w]hen the [S]tate ... is the appellant, a copy of the notice of appeal shall be served on the defendant and the defendant's counsel." Tenn.R.App.P. 5(b). Rule 24(b) provides that "[t]he transcript, certified by the appellant, the appellant's counsel, or the reporter as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal." Tenn.R.App.P. 24(b). The State expressly concedes that it did not comply with Rule 5(b) because, although it did serve Defendant's counsel with a copy of the notice of appeal, it did not serve Defendant. In addition, the record indicates that the State also failed to comply with Rule 24(b) because it did not file the transcript within the ninety day period. The State contends that even though it did not comply with these rules, dismissal is not warranted in this case. We agree with the State.

The Tennessee Supreme Court addressed the affect of noncompliance with the technical aspects of the Rules of Appellate Procedure in *Johnson v. Hardin*, 926 S.W.2d 236 (Tenn.1996). The supreme court stated:

Rule 1 of [the Rules of Appellate Procedure] requires that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits." The general policy of the rules, as suggested by the Advisory Commission and interpreted by the courts, emphasizes reaching a just result and disregarding technicality in form. ... The rules of appellate procedure provide courts with wide discretion and substantial flexibility. [Under Rule 2 of the Rules of Appellate Procedure, a]n appellate court, "[f]or good cause, including the interest of expediting decision upon any matter, ... may suspend the requirements or provisions of [the] rules in a particular case." ... Thus, the overall intent of the rules is to allow cases to be resolved on their merits. A court's construction and application of the rules should further that intent and should enhance, not impede, the search for justice.

*Id.* at 238–39 (citations and footnotes omitted).

We wish to emphasize that we do not condone the State's failure to comply with the clear and unambiguous rules cited by Defendant. However, we note that Defendant has failed to identify any manner in which she was prejudiced by the State's noncompliance. Thus, we hold that in this case, dismissal of the appeal would overemphasize technicality in form and would impede the search for justice. Therefore, we will address the merits of this case.

## III. CONSECUTIVE SENTENCING

The State contends that the trial court erred when it failed to impose consecutive sentencing in this case.

■ When the State challenges a defendant's sentence, the State has the burden of showing that the sentence is improper. *State v. Blouvet*, 965 S.W.2d 489, 494 (Tenn.Crim.App.1997); Tenn.Code Ann. § 40–35–401(d) (1997) (Sentencing Commission Comments). In addition, our review is de novo with a presumption that the trial court's sentencing determinations were correct. *Blouvet*, 965 S.W.2d at 494; Tenn.Code Ann. § 40–35–402(d) (Supp. 1999). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn.1991).

## A. HMVO Sentence in Case 98–T–915

■ First, the State contends that the trial court erred when it ordered the HMVO sentence in case 98–T–915 to run concurrently with the sentences in case 98–T–502.

Rule 32(c)(3)(C) of the Tennessee Rules of Criminal Procedure provides:

> Where a defendant is convicted of multiple sentences from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> > To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses.        ·

Tenn.R.Crim.P. 32(c)(3)(C). In addition, Tennessee Code Annotated section 40–20–111(b) provides:

> In any case in which a defendant commits a felony while such defendant was released on bail ... and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentence shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Tenn.Code Ann. § 40–20–111(b) (1997). Under these provisions, consecutive sentencing is mandatory when a defendant commits a felony while on bond and the defendant is subsequently convicted of both offenses.

It is undisputed that Defendant was on bond for the DUI and HMVO offenses in case 98–T–502 when she committed the DUI and HMVO offenses in case 98–T–915. Because violating the HMVO law is a Class E felony, see Tenn.Code Ann. § 55–10–616(b) (1998), the trial court was required to order the HMVO sentence in case 98–T–915 to run consecutively to the sentences in case 98–T–502. The trial court had absolutely no discretion in this aspect of sentencing.

For the reasons stated below, we conclude that we must remand this case for resentencing. Upon remand, the trial court must order the HMVO sentence in case 98–T–915 to run consecutively to the sentences in case 98–T–502.

## B. All Four Sentences

Second, the State contends that the trial court erred when it failed to order all four of Defendant's sentences to run consecutively to each other.

■ With certain exceptions, including the one discussed above, consecutive sentencing is governed by Tennessee Code Annotated section 40–35–115(b), which provides that "[t]he [trial] court *may* order sentences to run consecutively if the court finds by a preponderance of the evidence that" one or more of the required statutory criteria exist. Tenn.Code Ann. § 40–35–115(b) (1997) (emphasis added). "Whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court." *State v. Adams*, 973 S.W.2d 224, 230–31 (Tenn.Crim.App.1997).

■ During the sentencing hearing, the trial court discussed Defendant's criminal record, Defendant's family situation, the relevant enhancement and mitigating factors, and the testimony from Lentz and Malone. The trial court then stated that based on all of these considerations, it had determined that consecutive sentencing was not appropriate in this case.

The State argues that the trial court should have ordered all four of Defendant's sentences to run consecutively to each other because Defendant is an offender with an extensive criminal record. *See* Tenn.Code Ann. § 40–35–115(b)(2) (1997). We conclude that while the trial court probably would have been justified in imposing consecutive sentencing on this basis, the trial court did not abuse its discretion in imposing concurrent sentencing

(other than as previously noted in this opinion). Section 40–35–115(b) provides that the trial court may, rather than must, impose consecutive sentencing if one or more of the enumerated factors is present. In this case, the trial court considered the relevant sentencing criteria and exercised its discretion to impose concurrent, rather than consecutive sentencing for the DUI and HMVO convictions in case 98–T–502 and the DUI conviction in case 98–T–915. Because our review indicates that the trial court ordered these three sentences to run concurrently after giving due consideration and proper weight to the factors and principles set out under the sentencing law, we may not order all four sentences in this case to run consecutively even if we would have preferred that result. *See State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn.Crim. App.1991). Thus, we conclude that the trial court did not abuse its discretion when it decided not to order all four sentences to run consecutively.

### IV. NECESSITY FOR REMAND

In our review of the record, it is apparent the trial court's determination of the length of each sentence was based largely upon the court's erroneous determination that all four sentences should run concurrently to each other. Because the HMVO sentence in case 98–T–915 must run consecutively to the sentences in case 98–T–502, we conclude that the interests of justice require the remand of this matter for reconsideration of the length of each of the four sentences.

### V. CONCLUSION

In conclusion, we affirm the trial court's judgment in as much as it ordered the DUI and HMVO sentences in case 98–T–502 and the DUI sentence in case 98–T–915 to run concurrently with each other. However, we reverse the trial court's judgment in as much as it ordered concurrent sentencing for the HMVO sentence in case 98–T–915 because that sentence must run consecutively to the sentences in case 98–T–502. In addition, we remand this case for resentencing in regard to the length of all four sentences.

RILEY and WITT, JJ., concur.