# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 15, 2013

## STATE OF TENNESSEE v. DANIEL RAY PRINCE

**Appeal from the Circuit Court for Lincoln County**
**No. S1200016      Robert Crigler, Judge**

_____

**No. M2012-02488-CCA-R3-CD  - Filed 06/06/2013**

_____

Appellant, Daniel Ray Prince, entered pleas without recommended sentences to one count of burglary of a building other than a habitation and two counts of theft of property valued at $10,000 or more but less than $60,000.  The two counts of theft of property merged into one count by operation of law.  Following a sentencing hearing, the trial court sentenced appellant as a Range II, multiple offender to two six-year sentences to be served concurrently with each other but consecutively to sentences imposed in other jurisdictions.  He appeals the trial court's sentencing him as a Range II offender and imposing partial consecutive sentences.  Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Melissa L. Thomas, Fayetteville, Tennessee, for the appellant, Daniel Ray Prince.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle Consiglio-Young, Assistant Attorney General; Robert J. Carter, District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In May 2012, appellant entered a plea without recommended sentences to one count of burglary of a building other than a habitation, i.e., a church building, and two counts of theft of property valued at $10,000 or more but less than $60,000.  *See* Tenn. Code Ann. §§ 39-14-103(a), -105(a)(4), 402(a)(1) (2010)   At the plea submission hearing, the State offered the following factual basis for the plea:

[I]f this matter went to trial, the State's proof would be that in February of 2011, law enforcement was contacted by personnel of the First United Methodist Church here in Lincoln County regarding a burglary. There was a report that items, including cash and musical equipment, the value of which totalled [sic] more than $10,000, had been taken from the church.

[Appellant] was identified as a suspect based upon burglaries that he had been arrested on in another jurisdiction. He was interviewed by our local detectives, advised of his *Miranda* rights, which he waived, and he proceeded to give a confession[,] saying that on the night of February 7th of 2011, he and Angelina Miller were just passing through Fayetteville. He was familiar with Fayetteville[ ] because he had previously dated a girl here.

They spontaneously decided to break into a church here. They selected the particular church he broke into because it had an alley beside it that allowed him to pull in and not be visible while they broke in and went through the place, . . . [and] they were in search for [sic] money and food. But they took money and musical equipment and other items of personal property.

Pursuant to the plea agreement, the trial court held a sentencing hearing on October 9, 2012. At the hearing, the State presented the testimony of Jim Grimes, the probation and parole officer who prepared appellant's pre-sentence report. Mr. Grimes testified that appellant had committed church burglaries in five different counties at the time of the hearing, including Lincoln, Marshall, Giles, Lawrence, and Lewis Counties. Appellant disclosed to Mr. Grimes that once he began the series of church burglaries, it became a "type of addiction" for him. Appellant told Mr. Grimes that he selected churches as his targets because no one was present, and the buildings did not have alarm systems. He primarily stole audio equipment, musical instruments, microphones, and drums. Although much of the stolen property in this case had been returned to the victim, approximately $1685.00 in restitution remained outstanding.

Mr. Grimes stated that appellant took the GED test while he was incarcerated but that he did not have documentation to that effect. Mr. Grimes also testified that appellant had two daughters, ages two and six. Appellant had been employed at American Door Millwork from 2005 until 2010, when his position was terminated.

On cross-examination, Mr. Grimes acknowledged that most of the stolen property was recovered from appellant's home. Appellant told Mr. Grimes that he used the money he stole to buy food and pay bills. Mr. Grimes confirmed that appellant had been a good inmate while in custody.

Mr. Grimes reviewed appellant's criminal history as stated in the presentence report at the sentencing hearing. He added that appellant had garnered a conviction in Marshall County after he submitted the presentence report to the court. The State also introduced through Mr. Grimes thirteen multiple-count indictments for burglary, theft, and vandalism from Giles County and one four-count indictment for burglary and theft from Marshall County that were still pending.

Joel Massey, a detective with the Fayetteville Police Department, testified that one of his responsibilities was to track crimes that occurred both inside and outside of the city limits. He explained that "non-habitation burglaries" are a problem within the jurisdiction and that the area had "several" instances of this type of crime. He expounded that several churches, in particular, had been burglarized. Detective Massey opined that a "sentence of incarceration result[s] in a deterrence of the type of crime for which the person is sentenced."

Riley Ray Prince, appellant's father, testified that he and appellant's mother were married and that they had custody of one of appellant's daughters. The other daughter resided with her mother. Mr. Prince stated that appellant had never been involved with drugs and that he would drink a "couple of beers" on occasion. He further stated that appellant had been employed since he was in junior high school. Appellant dropped out of high school but obtained his GED while in jail.

Mr. Prince testified that on June 13, 2011, appellant sent him a text that said he was going to jail because he had done "something bad" but that he did not want Mr. Prince to post his bond because he had to pay for his wrongdoings. Mr. Prince stated that appellant was not raised to do things such as he did and that he and his wife were "very surprised."

On cross-examination, Mr. Prince acknowledged that appellant did not have insurance coverage on his daughters, despite being ordered to do so. He also confirmed that appellant and his ex-wife declared bankruptcy after incurring a credit card debt of $20,000 to $25,000.

Appellant testified on his own behalf. He stated that he broke into the First United Methodist Church with Angelina Miller and that they stole musical instruments, microphones, and electronic equipment. He said that after they committed the burglary in Fayetteville, they drove to Marshall County and committed another burglary on the same night. Appellant used the items he stole from the church in his band so that he could earn money to pay bills. When appellant was confronted about his involvement, he immediately confessed. He assisted law enforcement in recovering the stolen property and gave them names of other people who were involved. Appellant stated that he had never been in trouble prior to the spree of church burglaries. He began the spree when he was twenty-eight years

old, and he was thirty years old at the time of the hearing. He had been incarcerated since June 13, 2011.

Appellant testified that while in jail, he earned his GED. He had plans to attend Middle Tennessee State University and pursue a degree in business management when he was released. He had not been involved in any trouble while in jail.

Appellant explained that when he was married to Tonya Prince, they incurred a large credit card debt purchasing items for their home. They subsequently filed bankruptcy. Appellant stated that he obtained custody of his older daughter three to four years prior to the hearing. The child's mother had other children, and one of her babies died in her care. Based upon that fact, appellant sought and received custody of his daughter. He received no financial assistance from the child's mother. Appellant expressed remorse and stated that his involvement in the crimes was out of character. He stated that he spent the money he stole on food and other bills. He said that he never employed a weapon in committing the burglaries.

On cross-examination, appellant stated that he was unaware that he had a pending child support case against him. He confirmed that his parents were given custody of his older daughter when he was arrested. He also acknowledged that his cooperation with law enforcement began only after a co-defendant was caught and appellant's involvement was discovered. He did not voluntarily come forward prior to that time. Appellant disagreed with the State's characterization of his statement in the presentence report as blaming his co-defendant, Ms. Miller. He explained that the first time he was involved in one of the burglaries, Ms. Miller called and asked him for a ride because she did not have a vehicle, but "once [he] got started, it was definitely both of [them]."

On redirect examination, appellant stated that he provided health insurance for his daughter through his former employer. However, after he lost his job, the insurance benefit ended, and she was enrolled in TennCare.

Before sentencing appellant, the trial court noted that the two counts of theft of property should merge. After considering appellant's prior convictions, it then sentenced appellant as a Range II offender. Based on the evidence presented at the sentencing hearing, the trial court found as mitigating factors that appellant's conduct neither caused nor threatened serious bodily injury. Tenn. Code. Ann. § 40-35-113(1) (2010). The trial court also applied the "catch-all" mitigating factor, finding that appellant confessed and pleaded guilty with no agreement as to sentencing, and he expressed remorse. *Id*. at § 40-35-113(13). The trial court considered but declined to give weight to the factors that appellant assisted in the recovery of the stolen property, assisted the authorities in apprehending other persons

-4-

who were involved, or committed the crimes to provide for necessities. *Id*. at § 40-35-113(7), (9), (10).

As an enhancement factor, the trial court found that appellant "was getting a thrill out of doing these burglaries." Tenn. Code. Ann. § 40-35-114(7) (2010 & Supp. 2012). It also found, based on the presentence report and the certified judgments, that in connection with the string of church burglaries, appellant had garnered thirteen burglary convictions, six felony theft convictions, and three misdemeanor theft convictions in Giles County; seven burglary convictions, three vandalism convictions, and three felony theft convictions in Lewis County; and one burglary and one felony theft conviction in Marshall County. Based on those convictions, the trial court found that appellant had "a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." *Id.* at § 40-35-114(1). In weighing the enhancement factors and the mitigating factors, the trial court placed "great weight" on the "huge number of [appellant's] convictions," although the underlying offenses were not yet convictions at the time appellant committed the offense in this case.

The trial court imposed a sentence of six years on each count, to be served concurrently with each other but consecutively to the effective sentences imposed in Lewis, Giles, and Marshall Counties.[1] In ordering partial consecutive service, the trial court found that appellant was an offender whose record of criminal activity was extensive and that the sentence was "justly deserved in relation to the seriousness of the offenses and no greater than that deserved for the offenses committed." Tenn. Code. Ann. § 40-35-102(1), -103(2), -115(b)(2) (2010). The court noted that although appellant had no convictions when he began the burglary spree, it had evidence of numerous convictions that the other jurisdictions did not have when sentencing appellant. The trial court reviewed the judgment forms and concluded that appellant's effective sentence in Giles and Lewis Counties was six years, and his three-year sentence in Marshall County was to be served consecutively to the six-year sentence, resulting in a nine-year effective sentence. Thus, after adding the six-year sentence in the instance case, appellant was ordered to serve an effective fifteen-year sentence.

The court further denied alternative sentencing on the basis that confinement was "particularly suited to provide an effective deterrent to people likely to commit similar offenses" and that "confinement [was] needed to protect society by restraining a defendant who has a long history of criminal conduct." *Id.* at § 40-35-103(1)(B).

---

[1] Lewis County imposed a sentence of three years and six months; Giles County imposed an effective sentence of six years to be served concurrently with the Lewis County sentence; and Marshall County imposed a sentence of three years to be served consecutively with all other sentences.

## II. Analysis

In his brief, appellant challenges two aspects of the trial court's sentencing decision: finding of Range II offender status and imposition of partial consecutive sentence alignment.

### 1. Standard of Review

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -210(b) (2010); Tenn. Code Ann. § 40-35-114 (2010 & Supp. 2012). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4) (2010 & Supp. 2012).

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). If a trial court misapplies an enhancing or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Id.* at 709. This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2010), Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

### B. Finding of Range II Offender Status

Appellant challenges the trial court's finding that he is a Range II, multiple offender. Tennessee Code Annotated section 40-35-106(a) defines a multiple offender as "a defendant who has received: (1) A minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower

felony classes, where applicable." "Prior conviction" is further defined as "a conviction for an offense occurring prior to the commission of the offense for which the defendant is being sentenced." Tenn. Code Ann. § 40-35-106(b)(1) (2010). Subject to specific statutory exclusions, "convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction for the purpose of determining prior convictions." *Id.* § 40-35-106(b)(4).

In determining the appropriate range for release eligibility purposes, the trial court reviewed the judgment forms for appellant's qualifying convictions. The offense date in the instant case was February 7, 2011. The record includes a judgment form from Marshall County reflecting a Class D felony conviction with an offense date of February 6, 2011, and two judgment forms from Giles County reflecting one Class C and one Class D felony with an offense date of January 24, 2011. For purposes of determining sentencing range, the Giles County convictions may only be counted as one conviction.

In this case, appellant stood convicted of a Class C and a Class D felony at his sentencing hearing. The trial court had judgments reflecting a "minimum of two (2) but not more than four (4) prior felony convictions within the conviction class [or] a higher class" for purposes of establishing appellant's appropriate sentence range. Although appellant stated that he committed the Marshall County offenses on the same night as he committed the offenses in the instant case, the judgment forms are controlling on this issue. *See State v. Quintin O'Neal Dukes*, No. M2007-01164-CCA-R3-CD, 2008 WL 343163, at *2 (Tenn. Crim. App. Feb. 4, 2008) (citation omitted) (noting that "[a] court speaks through its orders"). The trial court properly sentenced appellant as a Range II, multiple offender, at thirty-five percent release eligibility.

## C. Partial Consecutive Sentencing

The determination of whether to order consecutive rather than concurrent sentences is a matter primarily within the discretion of the trial court. *See State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999). The procedure is governed by Tennessee Code Annotated section 40-35-115, which lists the factors that are relevant to a trial court's sentencing decision. The court may order consecutive sentences if it finds by a preponderance of the evidence that one or more of the seven statutory criteria exists. Tenn. Code Ann. § 40-35-115(b) (2010). Imposition of consecutive sentences must be "justly deserved in relation to the seriousness of the offense." *Id.* § 40-35-102(1). The length of the resulting consecutive sentence must be "no greater than that deserved for the offense committed." *Id.* § 40-35-103(2).

Of the seven factors, the trial court found the following applicable to appellant's case: appellant was an offender whose record of criminal activity was extensive. *Id.* § 40-35-115(2). The trial court noted appellant's thirty-eight convictions[2] and indictments for two pending criminal cases. "Extensive criminal history alone will support consecutive sentencing." *State v. Adams*, 973 S.W.2d 224, 231 (Tenn. 1997); *see also State v. Chrisman*, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994). Although some of the criminal activity includes charges that have not yet resulted in convictions, convictions alone are not required to justify the finding of an extensive criminal history. *See State v. Angela Marie Jewell Larzelere*, No. 01C01-9506-CC-00187, 1996 WL 12150, at *2 (Tenn. Crim. App. Jan. 11, 1996) (citing *State v. Cummings*, 868 S.W.2d 661, 667 (Tenn. Crim. App. 1992)) (noting that this court has "previously held that prior convictions are not necessary to support a finding of an extensive criminal history warranting an imposition of consecutive sentences"). In addition, this court has upheld the imposition of consecutive sentences where a defendant had no prior criminal history but was sentenced for eight offenses stemming from the same criminal transaction. *See Cummings*, 868 S.W.2d at 667.

Based on appellant's criminal record, all of which he amassed during the spree of burglaries that he committed from January 2011 through June 2011, the trial court did not abuse its discretion in ordering appellant to serve his two six-year sentences in the instant case concurrently with each other but consecutively to the effective nine-year sentence from convictions in Lewis, Giles, and Marshall Counties. Appellant is not entitled to relief on this issue.

## CONCLUSION

Based on our review of the record, the parties' briefs, and the applicable law, we affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE

---

[2] Our review of the judgments that were introduced at the sentencing hearing renders a slightly different total. We noted eighteen burglary convictions, nine felony theft convictions, four misdemeanor theft convictions, and three vandalism convictions, resulting in a total of thirty-four convictions. The trial court found thirty-eight convictions. We highlight this point only for clarity; the trial court nonetheless had more than sufficient evidence by which to impose consecutive sentences in this case.