# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs at Knoxville March 26, 2014

## STATE OF TENNESSEE v. JOSHUA MATTHEW CLINE

**Appeal from the Circuit Court for Montgomery County**
**No. 41300063    Michael R. Jones, Judge**

_____

**No. M2013-01846-CCA-R3-CD - Filed March 31, 2014**

_____

Appellant, Joshua Matthew Cline, pleaded guilty to two counts of rape of a child. The trial court sentenced him to consecutive terms of twenty-five years in the Tennessee Department of Correction. On appeal, appellant argues that the trial court abused its discretion by imposing consecutive sentences. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JEFFREY S. BIVINS, JJ., joined.

Roger Eric Nell, District Public Defender; and Crystal L. Myers, Assistant District Public Defender, Clarksville, Tennessee, for the appellant, Joshua Matthew Cline.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; John Wesley Carney, Jr., District Attorney General; and Robert J. Nash, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

This case arises from the March 4, 2008 rape of the victim, E.C.,[1] by appellant, her adoptive father. The Montgomery County Grand Jury indicted appellant for three counts of rape of a child (Counts 1, 2, and 5) and two counts of aggravated sexual battery (Counts 3

_____

[1] It is the policy of this court to protect the identity of minor victims. In furtherance of this policy, we will refer to the victim and her mother by their initials.

and 4). The indictment alleged that the offenses occurred between August 2007 and March 2008. Appellant entered into a plea agreement with the State in which he agreed to plead guilty to the first two counts of the indictment in exchange for the State's dismissing the remaining counts.

At the guilty plea acceptance hearing, the State presented the following factual basis for appellant's plea: The victim was appellant's adopted daughter, and her birth date was April 18, 2001. The offenses were discovered during an investigation by the Department of Homeland Security into solicitation of child pornography. The investigation led to e-mail addresses traced to appellant, who was a soldier deployed to Iraq at the time of the investigation. Appellant's laptop computer was confiscated and searched by United States Army investigators. The investigators discovered a video file on appellant's computer that depicted an adult Caucasian male orally and anally penetrating a Caucasian female whose age was estimated to be between seven and ten years old. The investigators also discovered pictures "of the same female in more of a family setting." The investigators learned that appellant had an adopted daughter. Both the victim and her mother identified the victim and appellant in the video file and confirmed that the offenses depicted in the video occurred in the master bedroom of the family's house in Clarksville, Tennessee. The video was created on March 4, 2008, and the military confirmed that appellant was in Clarksville on his mid-term leave on that date. The State noted that appellant was convicted in federal court of production of child pornography and was serving a sentence of twenty-seven years and three months for that offense.

The trial court accepted appellant's guilty plea. It later held a sentencing hearing at which the victim's mother, K.C., and appellant testified. K.C. testified that appellant was her ex-husband. They married in May 2007. K.C. had one daughter, E.C., from a prior relationship, who was the victim in this case, and she had a child with appellant, as well. At the time of the offenses in March 2008, E.C. was six years old. Appellant was her stepfather at the time, but he adopted E.C. in August 2008. K.C. testified that E.C. had been in therapy for four years. K.C. stated that the offenses

> affected every part of [E.C.]'s life . . . . She not only lost her childhood, she's lost her innocence[;] she lost her purity[;] she lost her father figure[,] as well, and she has no concept of what that's supposed to be really. She's [a] preteen now and trying to have her understand what a relationship is supposed to be like is very difficult, and it's a day-to-day struggle with us. And I actually put her in home schooling because she was having a lot of difficulty with relationships and stuff like that.

Appellant testified that he was twenty-nine years old at the time of the sentencing hearing. He stated that he had previously been a medic in the United States Army and had been deployed twice. Appellant said that as a child, he was in the foster care system for many years and had been placed in fourteen different homes. Appellant explained that his mother had dealt with many mental health issues and had turned to drugs and prostitution. He stated that men abused his mother and victimized him, also.

Appellant further testified that as of the date of the hearing, he was serving a 327-month federal sentence for production of child pornography. He was participating in individual and group therapy and taking continuing education courses. As part of his federal sentence, he would be on supervised release for twenty-five years after the 327-month sentence. Appellant stated that he was sorry for his crimes and that he asked his family to forgive him. He asked the court for "grace and mercy" and to take into consideration that he will be under supervision for the remainder of his life. In addition, he submitted three letters on his behalf to the court, two of which were from foster parents and one from a former employer. On cross-examination, appellant testified that while he did not have "a direct diagnosis" for what caused him to commit the offenses, he had been previously "diagnosed with depression, anxiety[,] and PTSD [post-traumatic stress disorder]."

The trial court sentenced appellant to twenty-five years for each conviction. It aligned the sentences consecutively based upon Tennessee Code Annotated section 40-35-115(b)(5). In so doing, the trial court noted that there were two separate sexual offenses; that appellant was the victim's stepfather when he raped her and that he later adopted her; that "[t]he time span of the defendant's undetected sexual activity . . . was a period of time of several months"; that "these can't get any worse as far as the nature and the scope" of the sexual activities; and that there had been some evidence of residual, physical[,] and mental damage to the victim."

## II. Analysis

Appellant contests the consecutive alignment of his sentences. He does not contest the length or manner of sentencing. The State responds that the trial court's sentencing was presumptively reasonable and that it did not abuse its discretion.

Prior to 2013, on appellate review of sentence alignment issues, courts employed an abuse of discretion standard of review. *See State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999). Our supreme court has since extended the standard of review enunciated in *State v. Bise*, abuse of discretion with a presumption of reasonableness, to consecutive sentencing determinations. *State v. Pollard*, --- S.W.3d ---, ---, No. M2011-00332-SC-R11-CD, 2013 WL 6732667, at *9 (Tenn. Dec. 20, 2013); *Bise*, 380 S.W.3d 682, 707 (Tenn.

2012) (modifying standard of review of within-range sentences to abuse of discretion with a presumption of reasonableness); *see also State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying abuse of discretion with a presumption of reasonableness to review of alternative sentencing determinations by the trial court). Thus, the presumption of reasonableness gives "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b) . . . ." *Pollard*, 2013 WL 6732667, at *9.

Imposition of consecutive sentences must be "justly deserved in relation to the seriousness of the offense." Tenn. Code Ann. § 40-35-102(1). The length of the resulting consecutive sentence must be "no greater than that deserved for the offense committed." *Id.* § 40-35-103(2). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." *Id.* § 40-35-103(4). The procedure used by the trial courts in deciding sentence alignment is governed by Tennessee Code Annotated section 40-35-115, which lists the factors that are relevant to a trial court's sentencing decision. The court may order consecutive sentences if it finds by a preponderance of the evidence that one or more of the following seven statutory criteria exists:

(1)     The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2)     The defendant is an offender whose record of criminal activity is extensive;

(3)     The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)     The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;

(5)     The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the

sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)     The defendant is sentenced for an offense committed while on probation; or

(7)     The defendant is sentenced for criminal contempt.

The *Pollard* court reiterated that "[ a]ny one of these grounds is a sufficient basis for the imposition of consecutive sentences. *Pollard*, 2013 WL 6732667, at *9 (citing *State v. Dickson*, 413 S.W.3d 735, 748 (Tenn. 2013)). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Id.*

Appellant argues that the trial court erred by applying Tennessee Code Annotated section 40-35-115(b)(5). He contends that the legislature intended the relationship aspect of the statute to encompass something more than a parental relationship; that the court erred by failing to make specific findings regarding the nature and scope of the acts; that the court incorrectly found that the time span of the activities was several months; and that there was no evidence that the victim suffered residual, physical, or mental damage. He also contends that the effective sentence was greater than that deserved for the offenses committed, that the sentence was not the least severe measure to achieve the purposes of sentencing, and that the trial court erred by failing to find that extended confinement was necessary to protect the public from further criminal conduct.

Tennessee Code Annotated 40-35-115(b)(5) lists the following possible aggravating circumstances for the trial court to consider when a defendant has been convicted of two or more offenses involving the sexual abuse of a minor: "the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts[,] and the extent of the residual, physical and mental damage to the victim or victims." Our review of the record reveals several aggravating circumstances supporting the imposition of consecutive sentences under section 40-35-115(b)(5). First, appellant was the victim's stepfather at the time of the offenses and adopted her shortly thereafter. In response to appellant's argument regarding the relationship aggravating circumstance, we note that nothing in our statutory or case law indicates that the legislature intended this statute to apply only when the relationship between the victim and defendant was something more than a parental relationship; in fact, the statute has been applied when something significantly less than a parental relationship existed. *See State v. Lane*, 3 S.W.3d 456, 459-460 (Tenn. 1999) (Defendant was the victim's Department of Human Services

counselor.). Second, the victim was six years old when appellant anally and orally penetrated her while filming the acts. The trial court found these facts to meet the criterion of an aggravating circumstance, stating that the nature and scope of the acts could not "be worse." Appellant complains that the trial court did not make specific findings about this aggravating circumstance, but it was not required to do so. *See State v. Doane*, 393 S.W.3d 721, 738 (Tenn. Crim. App. 2011) ("The statute does not require the State to present new evidence at the sentencing hearing regarding the nature and scope of the sexual acts nor does it require the trial court to provide a summary of the facts established at trial."). Finally, according to the victim's mother, the victim participated in counseling in the years after the offenses and had difficulty with relationships to the point that her mother felt the need to educate her at home rather than attending school. Such testimony from a parent is sufficient to establish the damage referenced by section 40-35-115(b)(5). *See id*. at 738.

Regarding the time span of the activities, we agree with appellant that the trial court incorrectly found that the activities occurred over a several-month span when no such evidence was presented. The only evidence before the court was the four-minute video depicting the acts for which appellant pleaded guilty. Nonetheless, "not all of the aggravating circumstances listed in section 40-35-115(b)(5) 'must be present to support the imposition of consecutive sentencing.'" *Id*. (quoting *State v. James M. Powers*, No. E2001-02363-CCA-R3-CD, 2002 WL 31387308, at *5 n.4 (Tenn. Crim. App. Oct. 23, 2002)). The other aggravating circumstances were established and carried sufficient weight for the imposition of consecutive sentences, despite the absence of this one factor. *See id.*

Appellant's final argument is that the trial court imposed consecutive sentences in contravention of the principles and purposes of the sentencing act. Specifically, he argues that the effective sentence was greater than that deserved for the offenses, that the sentence was not the least severe measure to achieve the purposes of sentencing, and that the trial court erred by failing to make findings that the sentence was necessary to protect the public from future criminal conduct. We disagree on all counts. "[B]y definition, Tenn[essee] Code Ann[otated] [section] 40-35-115(b)(5) is limited to those defendants whose conduct justifies extended confinement under the principles of the Sentencing Act." *Lane*, 3 S.W.3d at 461. Furthermore, in *Lane*, our supreme court held that when applying section 40-35-115(b)(5), a trial court does not have to make a specific finding that the sentence "serves to protect society 'from further . . . aggravated criminal conduct.'" *Id*. (quoting *State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995)). Thus, we conclude that the trial court did not abuse its discretion in imposing consecutive sentences.

## CONCLUSION

Based on our review of the record, the applicable law, and the parties' briefs, we affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE