IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2014

**STATE OF TENNESSEE v. JAMES EDWARD BROWN**

**Appeal from the Circuit Court for Maury County**
**Nos. 21717 & 21902      Stella L. Hargrove, Judge**

**No. M2013-01997-CCA-R3-CD   Filed 06/04/2014**

Appellant, James Edward Brown, entered guilty pleas without recommended sentences to one count of theft of property valued at more than $1,000 but less than $10,000 and two counts of being a felon in possession of a handgun.  Appellant was on probation for kidnapping, aggravated assault, and aggravated burglary when he committed the theft offense and was released on bond from the theft case when he committed the weapons offenses.  He subsequently agreed that his probation should be revoked.  Following a sentencing hearing, the trial court imposed a twelve-year sentence for the theft of property conviction, to be served consecutively to the seven-year sentence for the probation revocation.  The trial court also ordered the two six-year sentences for being a felon in possession of a handgun to be served concurrently with each other but consecutively to the other two sentences.  He now appeals the alignment of his sentences.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Brian Clay Johnson, Columbia, Tennessee, for the appellant, James Edward Brown.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; T. Michel Bottoms, District Attorney General; and Daniel J. Runde, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Appellant's guilty plea to theft of property in case number 21902 arose from his involvement in the theft of a paint sprayer and various tools from the victim, David Kelley.

While on bond for that theft charge, he committed new offenses of being a felon in possession of a handgun in case number 21717 by selling pistols at a pawn shop and entered guilty pleas to two counts. Based on his bond status, the State asserted at the sentencing hearing that appellant's sentences for the handgun charges should be aligned consecutively with each other and with his theft offense.

## I. Facts from Sentencing Hearing

Following appellant's guilty-pleaded convictions, the trial court held a sentencing hearing. The State established that appellant's prior criminal history contained 2009 convictions for kidnapping, aggravated assault, and aggravated burglary, for which he received an effective seven-year sentence suspended to probation. During these proceedings, appellant agreed to the revocation of his probated seven-year sentence. His record also revealed sixteen[1] prior offenses committed on twelve separate dates, upon which the State contended, and appellant agreed, that he was a career offender.

The State called Christie Dickey with the Tennessee Department of Probation and Parole as its first witness. Ms. Dickey prepared appellant's presentence report and corrected a mistake she had made in doing so. On cross-examination, she indicated that appellant had been gainfully employed before he was incarcerated

Appellant testified on his own behalf and confirmed that he had been employed at Truelove Pizza and Grits before he was incarcerated. He began working six months before the business opened, assisting with the remodeling of the building. After it opened, he also worked two days per week with his brother at his landscaping business. Appellant stated that he had never received government assistance. He said that Mr. Truelove would employ him again if he were released from confinement.

In the presentence report, appellant explained his reasons for selling the guns:

I was looking out for the welfare of my mother. She's old and sits in her chair on this gun, and sooner or later was going to shoot someone, probably me.

I've been trying to get the guns for years. And when she told me I could get rid of them, I didn't think about being criminal and sold them. I didn't pawn them. I sold them, so she couldn't get them back.

---

[1] Christie Dickey originally noted seventeen prior felony convictions on appellant's criminal history. During her testimony, she corrected the report to reflect sixteen prior felonies. However, that correction has no impact on appellant's sentencing range.

I didn't receive any money for this. I only wanted the guns gone.

Appellant stated that he did not possess ammunition for the guns. He said he only sold them because his mother almost shot him accidentally one day, and he feared that she would shoot him or someone else.

With regard to the theft of property conviction, appellant stated that he pleaded guilty because he did not realize the property was stolen when he assisted his neighbor in selling it. He said that his neighbor was selling the painting equipment for rent money and that he did not suspect the property was stolen because his neighbor was a painter.

Dorothy Wilkes, appellant's mother, testified that her boyfriend instructed her to keep firearms in the house for her protection when he was away. She said that appellant had tried several times to take the guns from her because she is disabled and is "jumpy" when she is alone. She was in the habit of placing a gun under her leg as she sat in her recliner because "they were breaking in a lot out there." However, some of the weapons she possessed were not in working condition. Ms. Wilkes further agreed that she had an "itchy trigger finger" and that she would "have no problems with" shooting if she heard someone "jingling" her front door. She related that she had, years ago, shot a man in the foot when he approached her with the intent to rob her as she was standing at the trunk of her car.

At the close of the proof, trial counsel again argued that appellant's conduct neither caused nor threatened serious bodily injury and that he only sold the firearms to protect his mother from harming herself or others. *See* Tenn. Code Ann. § 40-35-113(1), (13). He also argued that appellant's pleading guilty to the charges should be considered in mitigation because of the amount of money he saved the State by forgoing a trial. *See id*. § 40-35-113(13). Finally, he asked the trial court to sentence appellant out of (below) his range because several of the felonies on his criminal record were committed when appellant was a minor.

In imposing sentences, the trial court considered the requisite statutory factors on the record. However, because appellant was a career offender, the trial court sentenced him to the maximum sentences within the applicable range. *See id*. § 40-35-108(c). As such, the trial court imposed a twelve-year sentence for the theft conviction and two concurrent six-year sentences for being a felon in possession of a handgun.

With regard to sentence alignment, the trial court stated that appellant's "bail bond renders it consecutive sentencing. He was on bond for the theft when the handguns were sold . . . [,] [and] [h]e was clearly on probation." *See* Tenn. R. Crim. P. 32(c)(3)(D) (requiring mandatory consecutive sentences for a felony committed while defendant is

released on bail if convicted of both offenses); Tenn. Code Ann. § 40-35-115(b)(6) (allowing consecutive sentences for an offense committed while on probation).  Referring specifically to appellant's prior convictions for kidnapping (indicted as especially aggravated kidnapping), aggravated assault, and aggravated burglary, the trial court noted that "[i]n the past, he was a dangerous offender whose behavior indicate[d] little or no regard for human life" and that "consecutive sentencing is necessary to protect society from further criminal conduct." *See State v. Wilkerson*, 905 S.W.2d 933, 939 (Tenn. 1995).  Therefore, the court ordered appellant's two concurrent six-year sentences to be served consecutively to the twelve-year sentence and consecutively to the seven-year sentence for which appellant's probation had been revoked.

## II.  Analysis

Appellant acknowledges that as a career offender, the trial court properly sentenced him within the appropriate range for his convictions and that addressing the lengths of the sentences would be "a superfluous issue."[2]  He, instead, challenges the consecutive alignment of his six-year sentences with his twelve-year sentence, arguing that his sentencing in that regard "is not supported by any findings of fact."

## A.  Standard of Review

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation.  Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b).  In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." *Id.* § 40-35-103(4).

Prior to 2013, on appellate review of sentence alignment issues, courts employed the abuse of discretion standard of review. *See State v. Hastings*, 25 S.W.3d 178, 181 (Tenn.

---

[2]  The State maintains that the trial court's finding of enhancing and mitigating factors would still be relevant to disposition of appellant's probation revocation for kidnapping, aggravated assault, and aggravated burglary.  However, appellant does not challenge his probation revocation, and that case number is not included in the notice of appeal or appellate record.

Crim. App. 1999). Our supreme court has since extended the standard of review enunciated in *State v. Bise*, abuse of discretion with a presumption of reasonableness, to consecutive sentencing determinations. *State v. Pollard*, ___ S.W.3d ___, ___, No. M2011-00332-SC-R11-CD, 2013 WL 6732667, at *9 (Tenn. Dec. 20, 2013); *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012) (modifying standard of review of within-range sentences to abuse of discretion with a presumption of reasonableness); *see also State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying abuse of discretion with a presumption of reasonableness to review of alternative sentencing determinations by the trial court). Thus, the presumption of reasonableness gives "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." *Pollard*, 2013 WL 6732667, at *9.

The procedure used by the trial courts in deciding sentence alignment is governed by Tennessee Code Annotated section 40-35-115, which lists the factors that are relevant to a trial court's sentencing decision. Imposition of consecutive sentences must be "justly deserved in relation to the seriousness of the offense." Tenn. Code Ann. § 40-35-102(1). The length of the resulting consecutive sentence must be "no greater than that deserved for the offense committed." *Id.* § 40-35-103(2). The court may order consecutive sentences if it finds by a preponderance of the evidence that one or more of the following seven statutory criteria exists:

(1)     The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2)     The defendant is an offender whose record of criminal activity is extensive;

(3)     The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)     Te defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;

(5)     The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating

circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)     The defendant is sentenced for an offense committed while on probation; or

(7)     The defendant is sentenced for criminal contempt.

The *Pollard* court reiterated that "[a]ny one of these grounds is a sufficient basis for the imposition of consecutive sentences." *Pollard*, 2013 WL 6732667, at *9 (citing *State v. Dickson*, 413 S.W.3d 735, 748 (Tenn. 2013)). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Id.*

In this case, appellant was on probation when he committed the new offenses. Thus, pursuant to Tennessee Code Annotated section 40-35-115(b)(6), the trial court was well within its discretion in ordering the sentences in the instant case to be served consecutively to the previous seven-year sentence and consecutively to each other in part.

In addition to aligning appellant's twelve-year sentence for theft consecutively to his seven-year sentence for his probation revocation, the trial court also aligned his sentences for being a felon in possession of a handgun consecutively to the theft sentence. The trial court summarily stated that the "bail bond renders it consecutive sentencing." Appellant takes issue with this finding of fact, characterizing it as "small" in consideration of his aggregate twenty-five year sentence. However, Tennessee Rule of Criminal Procedure 32(c)(3)(D) *mandates* consecutive sentences when a felony is committed while a defendant is released on bail and is convicted of both offenses, which he was in this case. Appellant did not dispute his bond status. Further findings of fact by the trial court were unnecessary in this regard.

The trial court also noted appellant's extensive criminal history of sixteen felony convictions in determining that partial consecutive sentencing was proper in this case. *See* Tenn. Code Ann. § 40-35-115(2). Although the appellant's offenses in the instant case were non-violent, he has a history of violent offenses, including kidnapping, aggravated assault, aggravated burglary, reckless aggravated assault, sexual battery, and armed robbery. The length and seriousness of appellant's criminal history, as well as his propensity to commit

offenses while on probation, bond, or other reprieve from incarceration, supports the necessity to protect the public from further criminal acts by this appellant.

The trial court also relied upon Tennessee Code Annotated section 40-35-115(b)(4), concluding that in the past, appellant had been a dangerous offender whose behavior indicated little or no regard for human life and who had no hesitation about committing a crime in which the risk to human life is high. Appellant claims that the trial court failed to engage in a discussion of the *Wilkerson* factors that must accompany application of Tennessee Code Annotated section 40-35-115(b)(4). *Pollard*, 2013 WL 6732667, at *9 (quoting *State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995)) (stating that pursuant to *Wilkerson*, before imposing consecutive sentences based upon the defendant's status as a dangerous offender, the trial court "must conclude that the evidence has established that the aggregate sentence is 'reasonably related to the severity of the offenses' and 'necessary in order to protect the public from further criminal acts'"). Any error with regard to the trial court's reliance on the "dangerous offender" criteria was harmless in light of the other bases for ordering consecutive sentencing alignment.

We conclude that the trial court's sentencing alignment was reasonable and did not amount to an abuse of discretion. Moreover, error with regard to the *Wilkerson* factors, if any, is harmless, as the trial court needed only to have found that one consecutive sentencing criteria applied. *Dickson*, 413 S.W.3d at 748 (citing *State v. Mickens*, 123 S.W.3d 355, 394 (Tenn. Crim. App. 2003)).

## CONCLUSION

Based upon our review of the record, the briefs of the parties, and the applicable legal authority, we affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE