# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs August 5, 2014

## STATE OF TENNESSEE v. MARCUS MOORE

**Appeal from the Criminal Court for Shelby County**
**Nos. 12-01502 & 12-01503     Lee V. Coffee, Judge**

_____

**No. W2013-02763-CCA-R3-CD - Filed August 20, 2014**

_____

Appellant, Marcus Moore, entered guilty pleas without recommended sentences to two counts of burglary of a building, a Class D felony. Following a sentencing hearing, the trial court imposed sentences of twelve years as a career offender for each count to be served consecutively to each other. Appellant now challenges the trial court's alignment of his sentences. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

James Edward Thomas, Memphis, Tennessee, for the appellant, Marcus Moore.

Robert E. Cooper, Jr., Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Katie Ratton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

At appellant's July 30, 2013 guilty plea submission hearing, the State offered the following factual bases for the pleas:

> [O]n March 9th of 2011, [appellant] broke into Republic Coffee . . . He was linked to this burglary based on the video surveillance taken at Republic Coffee and, also, admitted to this burglary. [He] admitted to breaking into Republic Coffee through the top window, breaking into it with an ashtray,

breaking the glass, going into the coffee house and stealing muffins and soda . . . .

[T]he facts of [the second case] are, on March 15th of 2011, [appellant] broke into Central Wine and Spirits using the same sort of way in the sense that he broke out a top glass of the exterior of the building. He broke into the building, which was also caught on surveillance, stole a bottle of liquor and left the building the same way he came in. He was questioned . . . about the Central Wine and Spirits burglary, to which he confessed. He was also wearing during his confession the exact same Kellogg's jacket that he had on in the video of Central Wine and Spirits.

The trial court advised appellant of his rights, and appellant indicated that he understood his rights and wished to waive them and enter the guilty pleas. As part of the plea agreement, the parties submitted the issue of sentencing to the trial court for determination.

The trial court held a sentencing hearing on October 18, 2013. The court noted that the State had filed a notice of intent to seek enhanced punishment and a motion for consecutive sentencing. The presentence report was entered into evidence, and no witnesses were presented.

Appellant's criminal history as outlined in the presentence report included juvenile adjudications for shoplifting and theft-related offenses, as well as three drug offenses and a grand larceny offense that would have been felonies if they had been committed by an adult. His adult record contained felony convictions for burglary (seven counts); theft (three counts); vandalism (one count); and possession of a controlled substance with intent to sell (one count). Appellant had also amassed thirty-six misdemeanor convictions for the following offenses: fifteen theft convictions for criminal trespass; seven convictions for theft of property; four convictions for assault; three convictions for vandalism; two convictions for possession of drug paraphernalia; two convictions for evading arrest; and one conviction each for aggravated criminal trespass, illegal possession of a weapon, and disorderly conduct.

With regard to sentence alignment,[1] the trial court considered the purposes and principles of the sentencing act and concluded that appellant was a professional criminal who

---

[1] Appellant was sentenced as a Range III, career offender, and accordingly, he received the maximum sentence within the range. Tenn. Code Ann. § 40-35-108(c). Because he does not appeal his status as a Range III offender, *see id.* § 40-35-108(d), a summary of the trial court's findings and the applicable legal authorities with regard to setting the lengths of appellant's sentences is not necessary to our analysis.

had devoted himself to criminal acts as a major source of livelihood and that he had a record that showed extensive criminal history and convictions. Tenn. Code Ann. § 40-35-115(b)(1),(2). The trial court did, however, consider in appellant's favor that he pleaded guilty and took responsibility for his crimes. The trial court sentenced appellant to twelve years for each burglary to be served consecutively to each other at sixty percent release eligibility as a career offender.

## II. Analysis

Appellant challenges the trial court's alignment of his two twelve-year sentences. Prior to 2013, on appellate review of sentence alignment issues, courts employed the abuse of discretion standard of review. *See State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999). Our supreme court has since extended the standard of review enunciated in *State v. Bise*, abuse of discretion with a presumption of reasonableness, to consecutive sentencing determinations. *State v. Pollard*, 432 S.W.3d 851, 860 (Tenn. 2013); *Bise*, 380 S.W.3d 682, 707 (Tenn. 2012) (modifying standard of review of within-range sentences to abuse of discretion with a presumption of reasonableness); *see also State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying abuse of discretion with a presumption of reasonableness to review of alternative sentencing determinations by the trial court). Thus, the presumption of reasonableness gives "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b) . . . ." *Pollard*, 432 S.W.3d at 861.

The procedure used by the trial courts in deciding sentence alignment is governed by Tennessee Code Annotated section 40-35-115, which lists the factors that are relevant to a trial court's sentencing decision. Imposition of consecutive sentences must be "justly deserved in relation to the seriousness of the offense." Tenn. Code Ann. § 40-35-102(1). The length of the resulting consecutive sentence must be "no greater than that deserved for the offense committed." *Id.* § 40-35-103(2). The court may order consecutive sentences if it finds by a preponderance of the evidence that one or more of the following seven statutory criteria exists:

(1)    The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2)    The defendant is an offender whose record of criminal activity is extensive;

(3)     The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)     The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;

(5)     The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)     The defendant is sentenced for an offense committed while on probation; or

(7)     The defendant is sentenced for criminal contempt.

The *Pollard* court reiterated that "[a]ny one of these grounds is a sufficient basis for the imposition of consecutive sentences." *Pollard*, 432 S.W.3d at 862 (citing *State v. Dickson*, 413 S.W.3d 735, 748 (Tenn. 2013)). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Id.*

Of the seven statutory factors, the trial court in this case found the following to apply: (1) appellant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood; and (2) appellant is an offender whose record of criminal activity is extensive. Tenn. Code Ann. § 40-35-115(b)(1), (2). Appellant challenges the trial court's aligning his sentences consecutively based on the court's failure to engage in a discussion of the *Wilkerson* factors that must accompany application of Tennessee Code Annotated section 40-35-115(b)(4). *Pollard*, 432 S.W.3d at 862-63 (citing *State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995)) (stating that pursuant to *Wilkerson*, before imposing consecutive sentences based upon the defendant's status as a dangerous offender, the trial court "must conclude that the evidence has established that the aggregate sentence is 'reasonably related to the severity of the offenses' and 'necessary in order to

protect the public from further criminal acts'"). However, the trial court found appellant to be a "professional criminal," not a "dangerous offender." Because the trial court did not rely on Tennessee Code Annotated section 40-35-115(b)(4), it was unnecessary for it to make the *Wilkerson* findings. This argument is unavailing.

Appellant makes a statement in passing "that the trial court certainly did not take [appellant's] pleas of guilty into consideration in determining that the sentences should be served consecutively." The record belies this contention, as the trial court specifically noted that it considered appellant's taking responsibility and pleading guilty favorably toward appellant.

Finally, appellant contends that because he "has never been convicted of a crime of violence, [b]ut only low level property crimes," he should have reaped the benefit of concurrent sentences. Appellant had a lengthy criminal history of nearly fifty convictions, four of which were assaults, contrary to his contention that he had never been convicted of a crime of violence. Notwithstanding, there is no requirement that a criminal defendant be convicted of a violent crime before being subject to consecutive sentence alignment. This argument must fail.

## CONCLUSION

Based on our review of the record, the briefs of the parties, and the applicable legal authorities, we affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE