# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 17, 2024

## STATE OF TENNESSEE v. DALE STEVEN WHITE

**Appeal from the Criminal Court for Knox County**
**Nos. 121821, 122061, 122062     Hector I. Sanchez, Judge**

**No. E2024-00277-CCA-R3-CD**

FILED
FEB 28 2025
Clerk of the Appellate Courts
REc'd By_____

The Defendant, Dale Steven White, was charged with twelve offenses resulting from his fleeing from the police on three separate occasions on June 13, December 11, and December 13, 2021. The Defendant entered a "blind" plea to each charge on November 16, 2023, and following a sentencing hearing, the trial court imposed an effective sentence of twenty-two years' incarceration. On appeal, the Defendant argues that his sentence is excessive, that the trial court erred in imposing partially consecutive sentences, and that his judgment forms contain clerical errors. Following our review, we remand for entry of corrected judgments consistent with the trial court's pronouncement of the Defendant's sentence at the sentencing hearing. We otherwise affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed; Remanded for Entry of Corrected Judgments**

D. KELLY THOMAS, JR., SP. J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

N. Robin Vargas, Blaine, Tennessee, for the appellant, Dale Steven White.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Charme P. Allen, District Attorney General; and TaKisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

On June 22, 2022, a Knox County Grand Jury returned a two-count indictment ("case number 121821") charging the Defendant with evading arrest and theft of property valued more than $10,000 but less than $60,000 in relation to events occurring on June 13, 2021. See Tenn. Code Ann. §§ 39-16-603, 39-14-103. The trial court appointed counsel on July 5, 2022.

On July 21, 2022, a Knox County Grand Jury returned two additional indictments against the Defendant in relation to events occurring on December 11, 2021 ("case number 122061") and on December 13, 2021 ("case number 122062"). In case number 122061, the Defendant was charged with evading arrest, reckless endangerment with a deadly weapon, and violating the vehicle registration law. See Tenn. Code Ann. §§ 39-16-603, 39-13-103, 55-4-108. In case number 122062, the Defendant was charged with evading arrest, reckless endangerment with a deadly weapon, reckless driving, speeding, violating the taillight law, failing to provide proper evidence of financial responsibility, and driving without a valid driver's license. See Tenn. Code Ann. §§ 39-16-603, 39-13-103, 55-10-205, 55-8-152, 55-9-402, 55-12-139, 55-50-351.

The Defendant entered a "blind" plea of guilty to each count. At the November 16, 2023 guilty plea submission hearing, the State summarized the facts giving rise to the Defendant's charges as follows:

> Should we proceed to trial with regard to [case number] 121821, the State would bring forth witnesses that would testify that on June 13, 2021, officers with the Knox County Sheriff's Department located a vehicle at Merchants Drive that had been reported stolen. Receiving information from other individuals, fingerprints were lifted from that 2017 Nissan and [the Defendant] was located during the pursuit.

> During that time[,] there was a positive identification made that [the Defendant] was the driver of the vehicle during the pursuit. All these events occurred in Knox County.

> With regard to [case number] 122061, should we proceed to trial on that, the State would call witnesses listed that would testify that on December 11, 2021 . . . [o]fficers with the Knoxville Police Department located a vehicle on Martin Mill Pike. The vehicle matched the description and the driver who had fled from this particular officer two days prior. . . [T]he officers initiated a traffic stop.

> The vehicle began to flee. The pursuit proceeded on to I-75 North towards his direction, [an officer] joined the pursuit . . . [but] he had to

terminate the pursuit at the I-75 northbound mile marker due to danger to the people that were around. . . [O]ther officers trailed the pursuit for approximately 30 more miles until all units were terminated at the Tennessee-Kentucky borderline. Soon after all officers terminated, the Kentucky State Police stopped the vehicle at I-75 northbound at mile marker 12.

Officers responded to that location [and] met with the driver[,] who is the [D]efendant. [The Defendant] was read his rights, admitted to being the driver of the vehicle that had fled from them at that time and during that entire chase. So[,] much of that occurred in Knox County and then traveled outside of Knox County.

With regard to [case number] 122062, should we go to trial on that, we'd bring forward witnesses that would testify that on December 13, 2021, officers observed a red Ford Taurus with a broken passenger taillight. The vehicle also matched a vehicle description that had evaded officers on 12/11/2021 and it was a vehicle possibly involved in a theft.

The emergency equipment was activated at Young High Pike. The vehicle stopped briefly and let a witness out of the vehicle. Once that witness exited the vehicle, the driver – later identified as [the Defendant] – began to travel northbound on Martin Mill Pike towards Chapman Highway, continued ignoring visual, audible emergency equipment, ignoring multiple traffic control devices, other – he failed to exercise due care.

Other drivers and vehicles on the road were endangered. Other traffic – he traveled into oncoming traffic and caused vehicles to avoid a collision with him. They had to perform evasive moves.

He continued to ignore emergency equipment. All these events occurred in Knox County.

The trial court accepted the Defendant's guilty pleas.

At the Defendant's January 10, 2024 sentencing hearing, Maribeth Arthur testified that the Defendant was the father of her four-year-old son. Ms. Arthur testified that she and the Defendant had maintained contact throughout his incarceration. She averred that the Defendant had assured her that he would "do better" upon his release and that he wanted "to be a part of his son's life." Ms. Arthur noted that she had seen positive

- 3 -

changes in the Defendant's behavior since his completion of an Intensive Treatment Program. On cross-examination, Ms. Arthur testified that the Defendant had been previously convicted of several felony and misdemeanor offenses, which she stated he had committed while under the influence of drugs. She also testified that the Defendant had "done the best he could" to get treatment for drug addiction while incarcerated.

The State introduced a presentence report detailing the Defendant's criminal history, which included convictions of three counts of burglary, two counts of theft, one count of burglary of an automobile, and one count of sale of a Schedule III controlled substance between 2012 and 2015. The State also noted that in March 2023, the Defendant pled guilty to one count of aggravated assault in Anderson County case number C3C00211, which he committed while released on bail for his charges in the instant case. The State argued that the Defendant should be sentenced as a career offender for his convictions of evading arrest and reckless endangerment and as a Range III multiple offender for his conviction of theft of property valued at more than $10,000 but less than $60,000. Further, the State requested that the trial court impose an effective sentence of twelve years for the Defendant's convictions of evading arrest and reckless endangerment and an effective sentence of fifteen years for his conviction of theft. Finally, the State requested that the trial court align the Defendant's sentence to run consecutively to his eight-year sentence in Anderson County case number C3C00211.

The Defendant introduced several certificates recognizing his completion of personal development and improvement courses while incarcerated, along with several letters from officers at the Knox County jail commending his good behavior. In his allocution, the Defendant stated that he struggled with drug addiction and that he would seek to be admitted into an "outpatient substance abuse program" if granted leniency in sentencing. He averred that he felt better equipped to handle his drug addiction since his completion of an Intensive Treatment Program. The Defendant, therefore, requested that the trial court impose a sentence of ten years' split confinement or allow him to serve his sentence on supervised probation.

After considering the evidence received at the sentencing hearing, the presentence report, the purposes and principles of the Sentencing Act, the enhancement and mitigating factors, the arguments for alternative sentencing, the nature and characteristics of the criminal conduct, the Defendant's potential for rehabilitation and treatment, the relevant statistical information, and the Defendant's allocution, the trial court concluded that the Defendant was a career offender for his Class D and E felony convictions of evading arrest and reckless endangerment and a persistent offender for his Class C felony conviction of theft. The trial court noted that as a career offender, the Defendant's sentences were ineligible for probation. The trial court further found that the Defendant had "done a really good job since he's been confined."

- 4 -

After concluding that consecutive sentencing was warranted because the Defendant had an extensive criminal record and because he qualified as a dangerous offender, the trial court imposed an effective sentence of twenty-two years' incarceration. The following table reflects the trial court's alignment of the Defendant's sentences at the conclusion of his sentencing hearing:

| Case number | Count number, charge | Sentence | Alignment |
|---|---|---|---|
| 121821 | 1 (Evading arrest) | 6 years | None[1] |
| | 2 (Theft) | 10 years | None[1] |
| 122061 | 1 (Evading arrest) | 12 years | Concurrent with 121821 count 2 |
| | 2 (Reckless endangerment) | 6 years | Consecutive to 121821 count 2 |
| | 3 (Failure to provide proof of vehicle registration) | 30 days | Concurrent with 122061 count 2 |
| 122062[2] | 1 (Evading arrest) | 12 years | Concurrent with 121821 count 2 |
| | 2 (Reckless endangerment) | 6 years | Consecutive to 122061 count 2 |
| | 3 (Reckless driving) | 6 months | Concurrent with 122062 count 2 |
| | 4 (Speeding) | 30 days | Concurrent with 122062 count 2 |

This timely appeal followed.

## ANALYSIS

On appeal, the Defendant argues that his sentence is excessive, that the trial court erred in imposing partially consecutive sentences, and that his judgment forms contain clerical errors. We will address these issues in turn.

### I. Length of Sentence

[1] The trial court did not state during the sentencing hearing how the counts in case number 121821 were to be aligned but aligned them concurrently in the Defendant's judgment forms. "If the defendant pleads guilty or is convicted in one trial of more than one offense, the trial judge shall determine whether the sentences will be served concurrently or consecutively. . . Unless it affirmatively appears that the sentences are consecutive, they are deemed to be concurrent." Tenn. R. Crim. P. 32(c); see also Tenn. Code Ann. § 40-35-115(d).

[2] The trial court did not announce sentences for the Defendant's other misdemeanor convictions in case number 122062, but the Defendant's judgment forms indicate that he received thirty-day sentences aligned concurrently to case number 122062 count 1 for each of his convictions of violating the taillight law, violating the financial responsibility law, and driving without a valid driver's license. The trial court is not required to hold a separate sentencing hearing for misdemeanor convictions, see Tennessee Code Annotated section 40-35-202(a), and the Defendant does not challenge the length of these sentences on appeal.

- 5 -

The Defendant argues that the trial court abused its discretion by imposing an effective sentence of twenty-two years. He contends that though the trial court considered evidence of his potential for rehabilitation and noted that he had "done a good job while he's been incarcerated," it nevertheless accorded insufficient weight to the Defendant's mitigating proof. The State responds that the trial court appropriately imposed within-range sentences for each of the Defendant's convictions.

When an accused challenges the length of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001).

Before a trial court imposes a sentence upon a defendant, it must consider: (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b).

This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Bise, 380 S.W.3d at 709-10. Moreover, in such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," Tennessee Code Annotated section 40-35-102(1), a punishment sufficient "to prevent crime and promote respect for the law," Tennessee Code Annotated section 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," Tennessee Code Annotated section 40-35-102(5); Carter, 254 S.W.3d at 344. Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. §§ 40-35-103(2), (4). "[M]ere disagreement with the trial court's weighing of the properly assigned

enhancement and mitigating factors" is not a valid ground for appeal. Bise, 380 S.W.3d at 706.

In this case, the Defendant pled guilty to six felony offenses: three counts of evading arrest, two counts of reckless endangerment, and one count of theft of property valued more than $10,000 but less than $60,000. One of the counts of evading arrest was classified as a Class E felony, while the other two were classified as Class D felonies.[3] Reckless endangerment with a deadly weapon is a Class E felony, see Tennessee Code Annotated section 39-13-103(b)(2), while theft of property valued more than $10,000 but less than $60,000 is a Class C felony, see Tennessee. Code Annotated section § 39-14-105(a)(4). As a range III offender, the appropriate sentencing range was between four and six years for the Defendant's Class E felony convictions of evading arrest and reckless endangerment; between eight and twelve years for his Class D felony convictions of evading arrest, and between ten and fifteen years for his Class C felony conviction of theft. Tenn. Code Ann. § 40-35-112(c). Because the Defendant qualified as a career offender for his Class D and E felony convictions, the trial court was required to impose maximum sentences. Tenn. Code Ann. § 40-35-108(c). Because the trial court imposed within-range sentences for each of the Defendant's convictions and because the record indicates that it thoroughly considered the purposes and principles of sentencing, we afford its decision the presumption of reasonableness.

The Defendant argues that the trial court "improperly gave little weight to" his mitigating proof of his potential for rehabilitation as evidenced through his letters of good behavior and his certificates of completion of several personal development and improvement courses. The trial court did not explicitly state that it applied any mitigating or enhancement factors, but it noted that the Defendant had "done a really good job since he's been confined." The trial court further acknowledged that the Defendant "does have the potential for rehabilitation." The Defendant's disagreement with the weight the trial court afforded his mitigating proof does not give this court grounds to reverse his sentence. Bise, 380 S.W.3d at 706.

The Defendant also argues that the trial court did not consider whether increasing his sentence "at the upper end of the applicable range" comported with the purposes and principles of the Sentencing Act. However, as we discuss further below, the trial court concluded that given the Defendant's long history of criminal conduct and the seriousness of his offenses by evading arrest in a "5,000 pound weapon and putting everyone around him in danger," partially consecutive alignment of his sentences was necessary. It also expressly considered the Defendant's potential for rehabilitation and

---

[3]     A charge of evading arrest in a motor vehicle may be elevated to a Class D felony if the defendant's "flight or attempt to elude creates a risk of death or injury to innocent bystanders, pursuing law enforcement officers, or other third parties." Tenn. Code Ann. § 39-16-603(d)(2)(A), (B).

his arguments for alternative sentencing. Thus, the record does not support the contention that the trial court did not consider whether the length of the Defendant's sentence was consistent with the purposes and principles of the Sentencing Act. See Tenn. Code Ann. §§ 40-35-102, -103.

Regardless, the trial court also concluded that because the Defendant had been convicted of at least six prior Class D and E felonies, he qualified as a career offender. Tenn. Code Ann. § 40-35-108(a)(3). Though the trial court is typically afforded discretion in fashioning a defendant's sentence within the appropriate range, if it finds that the defendant qualifies as a career offender, it must impose the maximum sentence. Tenn. Code Ann. § 40-35-108(c). Accordingly, even if the trial court had accorded greater weight to the Defendant's mitigating proof, it nevertheless would have been required to impose maximum sentences for the Defendant's Class D and E felony convictions. See State v. Massey, No. M2013-00362-CCA-R3-CD, 2013 WL 3967686, at *2 (Tenn. Crim. App. Aug. 1, 2013) (holding that when a defendant is properly classified as a career offender, an argument that the trial court erred in imposing a maximum sentence because it gave insufficient weight to the mitigating proof or otherwise imposed a sentence "greater than that deserved for the offense committed" is unavailing). The only conviction for which the trial court retained discretion to impose a less-than-maximum sentence was the Defendant's conviction for theft, and we note that the trial court imposed the minimum within-range sentence for that conviction. The Defendant is not entitled to relief on this issue.

## II. Consecutive Sentencing

The Defendant also argues that the trial court abused its discretion by aligning his sentence to run consecutively to his sentence in Anderson County case number C3C00211. He also contends that the trial court failed to consider whether imposing partially consecutive sentences was appropriate under the circumstances. The State responds that the trial court was required to align his sentence consecutively and that it appropriately considered the applicable factors for consecutive sentencing.

A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of the categories listed in Tennessee Code Annotated section 40-35-115(b). "Any one of these grounds is a sufficient basis for the imposition of consecutive sentences." State v. Pollard, 432 S.W.3d 851, 862 (Tenn. 2013) (citing State v. Dickson, 413 S.W.3d 735, 748 (Tenn. 2013)). Additionally, when the imposition of consecutive sentences is based on application of the dangerous offender criterion, the court must make specific findings that the aggregate sentence is "reasonably relate[d] to the severity of the offenses committed" and is "necessary in order to protect the public from further criminal acts." State v.

- 8 -

Wilkerson, 905 S.W.2d 938, 939 (Tenn. 1995); see also Pollard, 432 S.W.3d at 863-64; State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999).

Furthermore, our supreme court has held that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to consecutive sentencing determinations." Pollard, 432 S.W.3d at 860. "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." Id. at 861 (citing Tenn. R. Crim. P. 32(c)(1); Bise, 380 S.W.3d at 705. However, when imposing consecutive sentences, the court must still consider the general sentencing principles that each sentence imposed shall be "justly deserved in relation to the seriousness of the offense," "no greater than that deserved for the offense committed," and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. §§ 40-35-102(1), -103(2), -103(4); State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002).

First, the Defendant argues that the trial court abused its discretion by aligning his sentence to run consecutively to his eight-year sentence in Anderson County case number C3C00211. The record indicates that the Defendant was released on bond prior to January 27, 2023, when he failed to appear for a hearing and the trial court entered a forfeiture of bond and issued a capias for his arrest. The Defendant was subsequently arrested on March 26, 2023, and charged with one count of aggravated assault in Anderson County case number C3C00211. The Defendant pled guilty to this charge and received an eight-year sentence.

The Defendant does not argue on appeal that he did not, in fact, commit the offense giving rise to his conviction in Anderson County case number C3C00211 while released on bond, but nevertheless maintains that the trial court erred in ordering consecutive sentencing. However, when a defendant commits a felony while released on bond in a separate case and is later convicted of both offenses, the trial court has "absolutely no discretion" to order the defendant's sentences concurrently and must order that they run consecutively. State v. Hastings, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999); Tenn. Code Ann. § 40-20-111(b); Tenn. R. Crim. P. 32(c)(3)(C). In this case, the State argued that the Defendant's sentences must be aligned consecutively to his sentence in Anderson County case number C3C00211, and the trial court agreed that "by law [the sentence] has to run consecutive to the Anderson County matters." Because the trial court was required to order that the Defendant's sentence in this case run consecutively to his conviction in Anderson County, the Defendant is not entitled to relief on this issue.

The Defendant also argues that the trial court erred in imposing partially consecutive sentences because the trial court improperly considered him a professional

- 9 -

criminal who has knowingly devoted his life to criminal acts as a major source of his livelihood. See Tenn. Code Ann. § 40-35-115(b)(1). He also notes that the trial court stated that the Defendant was not "a bad person per se but simply made bad decisions."

Though we note that the trial court held that it would not rely "heavily" upon the professional criminal factor, it is unnecessary to resolve the merits of this claim because only one of the grounds listed in section 40-35-115(b) is needed to justify consecutive sentencing. Dickson, 413 S.W.3d at 748. Here, the trial court also concluded that the Defendant was an offender whose record of criminal behavior is extensive and that he was a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high. We accord such conclusions the presumption of reasonableness on appeal and review them for an abuse of discretion. Pollard, 432 S.W.3d at 861. The Defendant does not challenge the trial court's conclusions as to these factors on appeal, but our review of the record indicates that the trial court properly articulated its reasoning for imposing partially consecutive sentences.

In concluding that the Defendant had an extensive record of criminal behavior, the trial court referenced the Defendant's record of convictions for three counts of burglary, two counts of theft, one count of burglary of an automobile, and one count of sale of Schedule III controlled substance between 2012 and 2015. Additionally, the trial court made the requisite Wilkerson findings to support its conclusion that the Defendant was a dangerous offender by noting that the Defendant fled from the police at high rates of speed in a "5,000 pound weapon[,] putting everyone around him in danger," that he crossed state lines in doing so "without any hesitation," and that the aggregate length of the Defendant's sentence reasonably related to his offenses. We therefore find no abuse of discretion in the trial court's imposition of partially consecutive sentences.

### III. Clerical Errors

Finally, the Defendant and the State note several clerical errors in the Defendant's judgment forms. The Defendant argues that the trial court erred in entering corrected judgment forms on February 23, 2024, which modified his sentence in case number 122061 count 2 to align it to run consecutively to case number 122061 count 1. The Defendant argues that by doing so, the trial court imposed an additional two years onto his effective sentence of twenty-two years. The State also notes that most of the judgment forms entered by the trial court differ from the sentences pronounced during the Defendant's sentencing hearing.

- 10 -

The trial court entered judgment forms in this case on February 7, 2024. The following chart lists the Defendant's sentences and their alignments as reflected in his initial judgment forms:

| Case number | Count number, charge | Sentence | Alignment |
|---|---|---|---|
| 121821 | 1 (Evading arrest) | 6 years | Concurrent with "121821 count 2", consecutive to "Anderson County C3C00211" |
| | 2 (Theft) | 10 years | Consecutive to "Anderson County C3C00211" |
| 122061 | 1 (Evading arrest) | 12 years | Concurrent with "121821" |
| | 2 (Reckless endangerment) | 6 years | Consecutive to "121821," "Anderson County C3C0024" |
| | 3 (Failure to provide proof of vehicle registration) | 30 days | Concurrent with "122061 Count 1," consecutive to "Anderson County C3C00211" |
| 122062 | 1 (Evading arrest) | 12 years | Concurrent with "121821," consecutive to "Anderson County C3C0024" |
| | 2 (Reckless endangerment) | 6 years | Consecutive to "122061, 121821, Anderson County C3C0024" |
| | 3 (Reckless driving) | 6 months | Concurrent with "122062 count 1" |
| | 4 (Speeding) | 30 days | Concurrent with "122062 count 1" |

The trial court entered corrected judgment forms on February 23, 2024, which modified the Defendant's sentence in case number 122061 count 2 by aligning it to run "consecutive[ly] to 121821, 122061 count 1." The corrected judgment forms also modified the Defendant's sentence in case number 122062 count 2 to align it "consecutive[ly] to 122061, 121821, Anderson County C3C0024."

This court "may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. When the record reflects a conflict between the trial court's alignment of a defendant's sentence at the sentencing hearing and what is memorialized on the judgment forms, the transcript of the sentencing hearing controls. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991); see also State v. Porterfield, No. W2006-00169-CCA-R3-CD, 2007 WL 3005349, at *13 (Tenn. Crim. App. Oct. 15, 2007).

- 11 -

The errant notations in this case arise in the trial court's alignment of the Defendant's sentences in his judgment forms. At the Defendant's sentencing hearing, the trial court imposed an effective sentence of twenty-two years' incarceration, to be served consecutively to the Defendant's eight-year sentence in Anderson County case number C3C00211. Because the trial court did not pronounce an alignment for counts 1 and 2 of case number 121821, these sentences are presumed to run concurrently. See State v. Allen, 259 S.W.3d 671, 683 (Tenn. 2008) (holding that a defendant "is entitled to concurrent sentences on multiple convictions unless the trial court makes specific factual findings by a preponderance of the evidence after conviction, or consecutive sentences are required by statute or a rule of criminal procedure.") (citing Tenn. Code Ann. § 40-35-115, Tenn. R. Crim. P. 36). In this respect, we discern no error in the judgment forms for the Defendant's convictions in case number 121821.

However, errors are present in each of the remaining judgment forms. First, we note that the trial court references "Anderson County C3C0024" in several of the Defendant's judgment forms, but this case number was not mentioned at trial or during the Defendant's sentencing hearing, nor does it reflect any of the prior convictions listed in his presentence report. Because the record contains no mention of this case number outside of the Defendant's erroneous judgment forms and because the trial court intended to align the Defendant's sentences in this case to run consecutively to Anderson County case number C3C00211, we remand for the modification of the judgment forms in this case to remove any reference to "Anderson County C3C0024." Updated judgment forms should also reflect that the Defendant's sentences are to run consecutively to his eight-year sentence in Anderson County case number C3C00211.

The Defendant's judgment forms also reflect incorrect alignments of his sentences. On remand, the trial court shall correct the Defendant's judgment forms to reflect its alignment of his sentence during his sentencing hearing. Specifically, in case number 122061, the trial court shall enter corrected judgments to state that count 1 is to run concurrently with case number 121821 count 2, that count 2 is to run consecutively to case number 121821 count 2, and that count 3 is to run concurrently to case number 122061 count 2. In case number 122062, the trial court shall enter corrected judgments to state that count 1 is to run concurrently with case number 121821 count 2, that count 2 is to run consecutively to case number 122061 count 2, and that counts 3 and 4 are to run concurrently with case number 122062 count 2. Extraneous alignments of the Defendant's sentences which contradict the trial court's oral findings during the sentencing hearing are to be deleted.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the case is remanded for entry of corrected judgments consistent with the trial court's pronouncement of the Defendant's sentence at the sentencing hearing. The judgments of the trial court are otherwise affirmed.

_____

D. KELLY THOMAS, JR., SPECIAL JUDGE